## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **AIDA RAMADANOVIC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:20-cv-297** |
| | § | **JURY** |
| **CONSTANTINO REYES, LIBERTY** | § | |
| **FREIGHT CO., INC., and** | § | |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

---

### DEFENDANTS' LIBERTY FREIGHT CO. AND CONSTANTION REYES' NOTICE OF REMOVAL AND MOTION TO CONSOLIDATE WITH CIVIL ACTION NO. 3:19-CV-1571-B

---

Pursuant to 28 U.S.C. § 1441, Defendants Liberty Freight Co., Inc. and Constantino Reyes ("Defendants") hereby file their Notice of Removal to remove to this Court the State court action described below, and also their Motion to Consolidate with an earlier filed cause; Civil Action No. 3:19-CV-1571-B. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

### A.    DOCUMENTS FROM REMOVED ACTION

1.    Pursuant to Local Rule 81.8, Defendant attaches the following documents to this Notice of Removal:

(a).    an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

---

(b).    a copy of the docket sheet in the state court action; and

(c).    each document filed in the state court action, except discovery material, with each document filed as a separate attachment.

## B.    THE REMOVED CASE

2.    The removed case is a civil action first filed with County Court at Law No. 4 in Dallas County, Texas on January 7, 2020, styled *Aida Ramadanovic vs. Constantino Reyes, Liberty Freight Co., Inc. and Government Employees Insurance Company*; Cause No. CC-20-00120-D. The case arises from a multi-vehicle incident that happened on icy road conditions on February 22, 2018. Plaintiff alleges that Defendants are responsible for injuries and damages as a result of the incident.

3.    The incident at issue in this cause arises from the same transaction and occurrence as that contained in earlier filed cause styled *Juce Mavuninu-Jean, Individually and as Next Friend of Minor Children G.M., F.M., B.M., and J.M. and Perpetue Kapepula vs. Constantino Reyes and Liberty Freight Co., Inc.*; Cause No. 3:19-CV-01571 currently pending in the United States District Court for the Northern District of Texas – Dallas Division. ***See "Exhibit A."***

4.    The Court is advised that all Defendants, including Liberty Freight Co., Inc., Constantino Reyes, and Government Employees Insurance Company affirmatively consent to this notice of removal. ***See "Exhibit B."***

## C.    REMOVAL IS TIMELY

5.    Plaintiff filed the present civil suit against Defendants in the County Court at Law No. 4 of Dallas County, Texas ("the State court") on January 7, 2020.

Defendant Liberty Freight Co., Inc. was served on January 24, 2020.[1] Defendant Constantino Reyes has not yet been served.

### D.    VENUE IS PROPER

6.    In the Original Petition, Plaintiff asserts negligence and gross negligence causes of action against Defendants, and affirmatively asserts that she is seeking monetary relief in excess of $1,000,000.[2] The United States District Court for the Northern District of Texas is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the County Court at Law No. 4 of Dallas County, Texas is located within the jurisdiction of the United States District Court for the Northern District of Texas.

### E.    DIVERSITY OF CITIZENSHIP EXISTS

7.    This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

8.    Plaintiff is an individual with residence and citizenship in Dallas County, Texas.[3]

9.    Defendant Liberty Freight Co., Inc. is a foreign corporation that is incorporated and organized in the State of California, and is a corporate citizen of the State of California. Liberty Freight Co., Inc. is domiciled in and has its

---

[1] *See* State Court Docket Sheet attached hereto as "***Exhibit C.***"

[2] *See* Plaintiff's Original Petition at p. 2.

[3] *See* Plaintiff's Original Petition at p. 2.

citizenship, office, and only and principal place of business located in Norwalk, California. Pursuant to 28 U.S.C. § 1332(c)(1), Liberty Freight Co., Inc. is not incorporated in the State of Texas, does not maintain any place of business in the State of Texas, has no employees in the State of Texas, does not own any property in the State of Texas, and is not a citizen of the State of Texas. Additionally, Liberty Freight Co., Inc. is not a Limited Liability Company.

10.     Defendant Constantino Reyes is an individual who is a resident and citizen of the State of Georgia. Constantino Reyes does not own any property in the State of Texas, and is not a citizen of the State of Texas.

11.     Defendant Government Employees Insurance Company is a foreign corporation that is, based on information and belief, incorporated under the laws of the State of Maryland where it is domiciled in, and has its corporate citizenship and principal place of business located in the State of Maryland. Additionally, Government Employees Insurance Company is not a Limited Liability Company.

12.     Because Plaintiff is a citizen and resident of the State of Texas and no Defendant is a citizen of the State of Texas, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

## F.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

13.     In the Original Petition, Plaintiff asserts that she is seeking monetary relief in excess of $1,000,000.[4] Based on the aforementioned facts, the current State court action may be removed to this Court by Defendants in accordance with the

---

[4] *See* Plaintiff's Original Petition at p 2.

provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy will exceed $75,000, exclusive of interest and costs.

### G.   THIS COURT HAS SUPPLEMENTAL JURISDICTION

14.   Supplemental jurisdiction extends a federal district court's jurisdiction over other claims that are within the same case or controversy, as long as the court would have original jurisdiction in the case. 28. U.S.C. § 1367(a); *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 558 (2005). A federal court can exercise supplemental jurisdiction over pendent claims, pendent parties, and ancillary claims when they are so related to the claims in the suit that they are part of the same case or controversy.  28. U.S.C. § 1367(a); *State Nat'l Ins. Co v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004).

15.   The issues in the present cause concern the identical transaction, occurrence and subject matter as Cause No. 3:19-CV-01571 currently pending in the United States District Court for the Northern District of Texas – Dallas Division (i.e. the multi-vehicle incident that happened on February 22, 2018. ***See "Exhibit A."*** If the Court refuses to extend jurisdiction in this matter, the separate trials of these cases in State court and Federal court would result in the inconsistent adjudication of common factual and legal issues.

## H.   FILING OF REMOVAL PAPERS

16.     Pursuant to 28 U.S.C. § 1446(d), Defendants have provided written notice of the filing of its Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the County Court at Law No. 4 of Dallas County, Texas in which this action was originally commenced.

## I.   MOTION TO CONSOLIDATE WITH CAUSE NO. 3:19-CV-01571

17.     Courts may consolidate civil actions when they involve common questions of law and fact, when the parties would not be prejudiced by consolidation, and when consolidation would serve the interest of judicial economy Fed.R.Civ.P. 42(a).

18.     This case involves common questions of law and fact with Plaintiffs who all claim common personal injuries arising out of the multi-vehicle incident in question. The litigation regarding both Civil Action No. 3:19-CV-1571-B and the present cause will involve the same fact witnesses, including the investigating police officer, witnesses to the incident, representatives of Defendant Liberty Freight Co., Inc. and Defendant Constantino Reyes. The actions to be consolidated are so related that the evidence presented will be material, relevant, and admissible in each case. The factual issues and claims involved in both causes are the same as they all relate to the same multi-vehicle incident of February 22, 2018. The commonality of the witnesses and questions of law and fact favors consolidation.

19.     There is no risk that consolidation will prejudice the parties to the suits or result in any delay. If the Court refuses to consolidate, the separate trials of

these cases would result in the inconsistent adjudication of common factual and legal issues. Additionally, consolidation will conserve judicial resources since the facts regarding this multi-vehicle incident in question will only have to be litigated one time.

## J.     CONCLUSION

20.     Defendants Liberty Freight Co., Inc. and Constantino Reyes hereby removes the above-captioned action from the County Court at Law No. 4 of Dallas County, Texas and requests that further proceedings be conducted in the United States District Court for the Northern District of Texas, Dallas Division, as provided by law, and consolidated with earlier filed cause; Civil Action No. 3:19-CV-1571-B arising out of the same transaction and occurrence.

Respectfully submitted,

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
T: 214.379.6900  /  F: 214.379.6939

By:   ___/s/ *Zach T. Mayer*___
   Zach T. Mayer
   Attorney In Charge
   State Bar No. 24013118
   zmayer@mayerllp.com
   Jason W. Kerr
   State Bar No. 24032619
   jkerr@mayerllp.com

**ATTORNEYS FOR DEFENDANTS
CONSTANTINO REYES AND
LIBERTY FREIGHT CO., INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of February 2020, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

Aaron C. Spahr
aaron@frenkelfirm.com
FRENKEL & FRENKEL, L.L.P.
1200 Park Central Dr., Suite 1900
Dallas, TX 75251
**ATTORNEY FOR PLAINTIFF**

☐   E-MAIL
☐   HAND DELIVERY
☐   FACSIMILE
☐   OVERNIGHT MAIL
☐   REGULAR, FIRST CLASS MAIL
☐   E-SERVE (E-SERVICE ONLY)
☒   E-FILE (E-FILE AND SERVICE)
☐   CERTIFIED MAIL/RETURN RECEIPT
       REQUESTED

Wendy McMillon
wmcmillon@geico.com
TRINA T. WILSON & ASSOCIATES
2280 North Greenville Avenue
Richardson, TX 75082-4412
**ATTORNEY FOR DEFENDANT
GOVERNMENT EMPLOYEES
INSURANCE COMPANY**

_____/s/ _Zach T. Mayer_____
Zach T. Mayer

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **AIDA RAMADANOVIC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:20-cv-297** |
| | § | **JURY** |
| **CONSTANTINO REYES, LIBERTY** | § | |
| **FREIGHT CO., INC., and** | § | |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANTS' INDEX OF DOCUMENTS PURSUANT TO LR 81.1

Exhibit D    Plaintiff's Original Petition filed with the Dallas County Clerk on January 7, 2020);

Exhibit E    Citation for Constantino Reyes (issued on January 9, 2020);

Exhibit F    Citation for Liberty Freight Co., Inc. (issued on January 9, 2020);

Exhibit G    Citation for Government Employees Insurance (issued on January 9, 2020.

Exhibit H    Dismissal Hearing Notice (dated January 9, 2020);

Exhibit I    Return of Citation for Defendant Government Employees Insurance Company (filed on January 16, 2020);

Exhibit J    Return of Citation for Defendant Liberty Freight Co., Inc. (filed on January 24, 2020);

Exhibit K    Defendant Government Employees Insurance Company's Verified Original Answer with Special Exceptions (filed with Dallas County Clerk on January 30, 2020;

Exhibit L    Correspondence from Wendy McMillon regarding payment of jury fee;

Exhibit M    Plaintiff's Motion to Quash Deposition of Aida Ramadanovic.


Respectfully submitted,

**MAYER LLP**

750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: 214.379.6900
Facsimile: 214.379.6939


By:    /s/ *Zach T. Mayer*
                Zach T. Mayer
                Attorney In Charge
                State Bar No. 24013118
                zmayer@mayerllp.com
                Jason W. Kerr
                State Bar No. 24032619
                jkerr@mayerllp.com

**ATTORNEYS FOR DEFENDANTS CONSTANTINO REYES AND LIBERTY FREIGHT CO., INC.**

## CERTIFICATE OF SERVICE

      This is to certify that on the 6th day of February 2020, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

| | |
|---|---|
| Aaron C. Spahr<br>aaron@frenkelfirm.com<br>FRENKEL & FRENKEL, L.L.P.<br>1200 Park Central Dr., Suite 1900<br>Dallas, TX 75251<br>**ATTORNEY FOR PLAINTIFF** | ☐  E-MAIL<br>☐  HAND DELIVERY<br>☐  FACSIMILE<br>☐  OVERNIGHT MAIL<br>☐  REGULAR, FIRST CLASS MAIL<br>☐  E-SERVE (E-SERVICE ONLY)<br>☒  E-FILE (E-FILE AND SERVICE)<br>☐  CERTIFIED MAIL/RETURN RECEIPT<br>     REQUESTED |

Wendy McMillon
wmcmillon@geico.com
TRINA T. WILSON & ASSOCIATES
2280 North Greenville Avenue
Richardson, TX 75082-4412
**ATTORNEY FOR DEFENDANT
GOVERNMENT EMPLOYEES
INSURANCE COMPANY**

_/s/ Zach T. Mayer_
Zach T. Mayer

# EXHIBIT "A"

**Law Enforcement and TxDOT Use ONLY**

☐ FATAL  ☒ CMV  ☐ SCHOOL BUS  ☐ RAILROAD  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

| Total Num. Units | 0 0 5 | Total Num. Prsns. | 0 0 9 | TxDOT Crash ID |
|---|---|---|---|---|

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**
Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions?  Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields

Page 1 of 8

★=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

## IDENTIFICATION & LOCATION

| ★Crash Date (MM/DD/YYYY) | 0 2 / 1 1 / 2 0 1 8 | ★Crash Time (24HRMM) | 1 0 0 7 | Case ID | 18-12981 | Local Use |
|---|---|---|---|---|---|---|

| ★County Name | TARRANT | ★City Name | FORT WORTH | ☐ Outside City Limit |
|---|---|---|---|---|

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No

Latitude (decimal degrees) 0 0 . 0 0 0 0 0 0 0

Longitude (decimal degrees) − 0 0 0 . 0 0 0 0 0 0 0

**ROAD ON WHICH CRASH OCCURRED**

| ★1 Rdwy. Sys. | SH | ★Hwy. Num. | 287 | 2 Rdwy. Part | 1 | Block Num. | 7900 | 3 Street Prefix | NW | ★Street Name | HIGHWAY 287 | 4 Street Suffix |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot  ☐ Toll Road/ Toll Lane  Speed Limit 70  Const. ☒ Yes ☐ No Zone  Workers ☐ Yes ☒ No Present  Street Desc.

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. | ☒ No ☐ Yes | 1 Rdwy. Sys. | IH | Hwy. Num. | 35 | 2 Rdwy. Part | 1 | Block Num. | 8200 | 3 Street Prefix | N | Street Name | FREEWAY | 4 Street Suffix |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Distance from Int. or Ref. Marker | 500 | ☒ FT ☐ MI | 3 Dir. from Int. or Ref. Marker | W | Reference Marker | Street Desc. | RRX Num. |
|---|---|---|---|---|---|---|---|

## VEHICLE, DRIVER & PERSONS

| Unit Num. | 1 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | GA | LP Num. | C888CG | VIN | 1 F U J A 6 C K 5 7 L W 1 9 8 2 6 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2 0 0 7 | 6 Veh. Color | GLD | Veh. Make | FREIGHTLINER | Veh. Model | UNKNOWN | 7 Body Style | TT | Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | 1 | DL/ID State | GA | DL/ID Num. | 058731040 | 9 DL Class | 98 | 10 CDL End. | 98 | 11 DL Rest. | 98 | DOB (MM/DD/YYYY) | 0 1 / 0 1 / 1 9 7 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Address (Street, City, State, ZIP) | 1064 SANDUNE DR | NORCROSS | GA | 30093 |
|---|---|---|---|---|

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | REYES   CONSTANTINO | N | 48 | H | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☐ Owner ☐ Lessee  Owner/Lessee Name & Address  LIBERTY FREIGHT CO   NORWALK  GA

Proof of Fin. Resp. ☒ Yes ☐ No  ☐ Expired ☐ Exempt  26 Fin. Resp. Type | 2  Fin. Resp. Name | GREAT WEST INS CO  Fin. Resp. Num. | GWP42887L

Fin. Resp. Phone Num. 714-229-4844  27 Vehicle Damage Rating 1 | FD − 5  27 Vehicle Damage Rating 2 | −  Vehicle Inventoried ☐ Yes ☒ No

Towed By | MILLNER WRECKER SERVICE  Towed To | MILLNER

| Unit Num. | 2 | 5 Unit Desc. | 98 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | LP Num. | VIN | |
|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 6 Veh. Color | Veh. Make | Veh. Model | 7 Body Style | Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|

| 8 DL/ID Type | 2 | DL/ID State | GA | DL/ID Num. | 058731040 | 9 DL Class | 98 | 10 CDL End. | 98 | 11 DL Rest. | 98 | DOB (MM/DD/YYYY) | 0 1 / 0 1 / 1 9 7 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Address (Street, City, State, ZIP) | 1064 SANDUNE DR | NORCROSS | GA | 30093 |
|---|---|---|---|---|

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☐ Owner ☐ Lessee  Owner/Lessee Name & Address

Proof of Fin. Resp. ☐ Yes ☐ No  ☐ Expired ☐ Exempt  26 Fin. Resp. Type  Fin. Resp. Name  Fin. Resp. Num.

Fin. Resp. Phone Num.  27 Vehicle Damage Rating 1 | −  27 Vehicle Damage Rating 2 | −  Vehicle Inventoried ☐ Yes ☐ No

Towed By  Towed To

Law Enforcement and TxDOT Use ONLY.
Form CR-3    (Rev. 1/1/2018)

Case ID: 18-12981

TxDOT Crash ID:

Page 2 of 8

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| 3 | 1 | SELF TRANSPORT | SELF TRANSPORT | / / | |
| 4 | 1 | SELF TRANSPORT | SELF TRANSPORT | / / | |
| 5 | 2 | HARRIS DOWNTOWN | MEDSTAR 21 | / / | |
| 5 | 3 | COOK CHILDRENS | MEDSTAR 21 | / / | |
| 5 | 4 | COOK CHILDRENS | MEDSTAR 21 | / / | |
| 5 | 5 | COOK CHILDRENS | MEDSTAR 21 | / / | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

Unit Num. 1
[X] 10,001+ LBS.
[ ] TRANSPORTING HAZARDOUS MATERIAL
[ ] 9+ CAPACITY
CMV Disabling Damage? [X] Yes [ ] No
28 Veh. Oper. 1
29 Carrier ID Type 1
Carrier ID Num. 01284556

Carrier's Corp. Name LIBERTY FREIGHT CO
Carrier's Primary Addr. 13427 PUMICE    NORWALK    GA    90650
30 Veh. Type 8

31 Bus Type 0
[ ] RGVW [X] GVWR  1,5,0,0,0
HazMat Released [ ] Yes [ ] No
32 HazMat Class Num.
HazMat ID Num.
32 HazMat Class Num.
HazMat ID Num.
33 Cargo Body Type 97

Unit Num.
[ ] RGVW [ ] GVWR
34 Trlr. Type
CMV Disabling Damage? [ ] Yes [ ] No
Unit Num.
[ ] RGVW [ ] GVWR
34 Trlr. Type
CMV Disabling Damage? [ ] Yes [ ] No

Sequence Of Events
35 Seq. 1  13
35 Seq. 2
35 Seq. 3
35 Seq. 4
Intermodal Shipping Container Permit [ ] Yes [ ] No
Actual Gross Weight
Total Num. Axles:

## FACTORS & CONDITIONS

| Unit # | 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 98 | | | | 4 | 1 | 97 | 4 | 1 | 5 | 96 |

## NARRATIVE AND DIAGRAM

UNIT 4 WAS TRAVELING IN THE 7900 BLOCK OF SH 287 SOUTH BOUND. UNIT 4 LOST CONTROL DUE TO THE ICE ON THE ROADWAY AND WENT INTO A SKID. THE VEHICLE CAME TO A STOP ON THE RIGHT SHOULDER OF THE HIGHWAY FACING THE WRONG WAY.

UNIT 3 WHO WAS ALSO TRAVELING IN THE 7900 BLOCK OF SH 287 IN THE LEFT LANE, WITNESSED UNIT 4 SKID OFF THE ROADWAY. UNIT 3 SLOWED HER VEHICLE AND PRESSED ON THE BRAKES.

UNIT 1-2 WAS FOLLOWING BEHIND UNIT 3, ATTEMPTED TO SLOW DOWN. DUE TO THE ICE ON THE ROADWAY COLLIDED WITH THE BACK OF UNIT 3. THIS CAUSED THE TRAILER (UNIT 2) TO JACKKNIFE AND COLLIDE WITH BACK OF UNIT 3 IN THE RIGHT LANE.

UNIT 2 KEPT MOVING AFTER MAKING CONTACT WITH UNIT 5 AND HIT THE RIGHT SIDE OF UNIT 4 WHO WAS STILL ON THE SHOULDER.

MEDSTAR 21 MADE SCENE AND TRANSPORTED UNIT 5 AND ALL OCCUPANTS TO THE HOSPITAL TO CHECK FOR INJURIES.

NOT TO SCALE

## INVESTIGATOR

Time Notified (24HR:MM) 1 0 0 8
How Notified DISPATCH
Time Arrived (24HR:MM) 1 0 1 8
Report Date (MM/DD/YYYY) 0 2 / 1 1 / 2 0 1 8

Invest. Comp. [X] Yes [ ] No
Investigator Name (Printed) TRIGO    J
ID Num. 4036

ORI Num. T X 2 2 0 1 2 0 0
*Agency FORT WORTH POLICE DEPARTMENT
Service/Region/DA N O R T H

**Law Enforcement and TxDOT Use Only**

☐ FATAL  ☒ CMV  ☐ SCHOOL BUS  ☐ RAILROAD  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

| Total Num. Units | 0 0 5 | Total Num. Prsns. | 0 0 9 | TxDOT Crash ID |
|---|---|---|---|---|

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields

Page 3 of 8

★=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

## IDENTIFICATION & LOCATION

| ★Crash Date (MM/DD/YYYY) | 0 2 / 1 1 / 2 0 1 8 | ★Crash Time (24HRMM) | 1 0 0 7 | Case ID | 18-12981 | Local Use |
|---|---|---|---|---|---|---|

| ★County Name | TARRANT | ★City Name | FORT WORTH | ☐ Outside City Limit |
|---|---|---|---|---|

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No

| Latitude (decimal degrees) | 0 0 . 0 0 0 0 0 0 0 | Longitude (decimal degrees) | − 0 0 0 . 0 0 0 0 0 0 0 |
|---|---|---|---|

### ROAD ON WHICH CRASH OCCURRED

| ★1 Rdwy. Sys. | SH | ★Hwy. Num. | 287 | 2 Rdwy. Part | 1 | Block Num. | 7900 | 3 Street Prefix | NW | ★Street Name | HIGHWAY 287 | 4 Street Suffix |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot  ☐ Toll Road/Toll Lane  Speed Limit 70  Const. ☒ Yes Zone ☐ No  Workers ☐ Yes Present ☒ No  Street Desc.

### INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER

| At Int. | ☒ No ☐ Yes | 1 Rdwy. Sys. | IH | Hwy. Num. | 35 | 2 Rdwy. Part | 1 | Block Num. | 8200 | 3 Street Prefix | N | Street Name | FREEWAY | 4 Street Suffix |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Distance from Int. or Ref. Marker | 500 | ☒ FT ☐ MI | 3 Dir. from Int. or Ref Marker | W | Reference Marker | Street Desc. | RRX Num. |
|---|---|---|---|---|---|---|

## VEHICLE, DRIVER, & PERSONS

| Unit Num. | 3 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | TX | LP Num. | HYJ7246 | VIN | 2 F M D K 3 J C 0 D B E 2 5 4 5 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2 0 1 3 | 6 Veh. Color | WHI | Veh. Make | FORD | Veh. Model | EXPLORER | 7 Body Style | P4 | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | 1 | DL/ID State | TX | DL/ID Num. | 23553221 | 9 DL Class | C | 10 CDL End. | 98 | 11 DL Rest. | 98 | DOB (MM/DD/YYYY) | 0 6 / 2 4 / 1 9 9 9 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP): 622 ASHFIELD ST    RICHARDSON    TX   75081

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | RAMADANOVIC   AIDA | C | 28 | W | 2 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| ☐ Owner ☐ Lessee | Owner/Lessee Name & Address | RAMADANOVIC   AIDA  622 ASHFIELD ST    RICHARDSON   TX   75081 |
|---|---|---|

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 2 | Fin. Resp. Name | GEICO | Fin. Resp. Num. | 4293313526 |
|---|---|---|---|---|---|---|---|---|

| Fin. Resp. Phone Num. | 1-800-GEICO | 27 Vehicle Damage Rating 1 | BD-5 | 27 Vehicle Damage Rating 2 | - | Vehicle Inventoried | ☐ Yes ☒ No |
|---|---|---|---|---|---|---|---|

| Towed By | EDD'S TOWING | Towed To | EDD'S |
|---|---|---|---|

| Unit Num. | 4 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | TX | LP Num. | CM2K874 | VIN | 1 M E H M 4 2 W 3 8 G 6 0 6 3 9 3 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2 0 0 8 | 6 Veh. Color | SIL | Veh. Make | MERCURY | Veh. Model | MARINER | 7 Body Style | P4 | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | 1 | DL/ID State | TX | DL/ID Num. | 38101915 | 9 DL Class | C | 10 CDL End. | 98 | 11 DL Rest. | 98 | DOB (MM/DD/YYYY) | 1 0 / 1 2 / 1 9 9 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP): 1961 WHITE CLOUD COURT    HASLET    TX   76052

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | HAVEMAN   AUSTIN   ALLEN | C | 19 | W | 1 | 1 | 5 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| ☒ Owner ☐ Lessee | Owner/Lessee Name & Address | HAVEMAN   MARK   A  1961 WHITE CLOUD CT    HASLET   TX   76052 |
|---|---|---|

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 2 | Fin. Resp. Name | FARMER | Fin. Resp. Num. | 44608846 |
|---|---|---|---|---|---|---|---|---|

| Fin. Resp. Phone Num. | 1-800-FARMERS | 27 Vehicle Damage Rating 1 | RD-4 | 27 Vehicle Damage Rating 2 | - | Vehicle Inventoried | ☐ Yes ☒ No |
|---|---|---|---|---|---|---|---|

| Towed By | LONE STAR TOWING | Towed To | LONE STAR |
|---|---|---|---|

Law Enforcement and TxDOT Use ONLY.
Form CR-3    (Rev. 1/1/2018)

| Case ID | 18-12981 | TxDOT Crash ID | | Page 4 of 8 |

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |

**CHARGES**

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

**CMV**

| Unit Num. | ☐ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☐ Yes ☐ No | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. | |
|---|---|---|---|---|---|---|---|---|

Carrier's Corp. Name | Carrier's Primary Addr. | 30 Veh. Type

| 31 Bus Type | ☐ RGVW ☐ GVWR | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type |

| Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No |

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit ☐ Yes ☐ No | Actual Gross Weight | Total Num. Axles: |

**FACTORS & CONDITIONS**

| Unit # | 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Contributing | | May Have Contrib. | Contributing | | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| | | | | | | | 4 | 1 | 97 | 4 | 1 | 5 | 96 |

**NARRATIVE AND DIAGRAM**

**INVESTIGATOR**

| Time Notified (24HRMM) | 1 0 0 8 | How Notified DISPATCH | Time Arrived (24HRMM) | 1 0 1 8 | Report Date (MM/DD/YYYY) | 0 2 / 1 1 / 2 0 1 8 |

| Invest. Comp. ☒ Yes ☐ No | Investigator Name (Printed) TRIGO | J | ID Num. 4036 |

| ORI Num. T X 2 2 0 1 2 0 0 | *Agency FORT WORTH POLICE DEPARTMENT | Service/ Region/DA N O R T H |

**Law Enforcement and TxDOT Use Only**

☐ FATAL  ☒ CMV  ☐ SCHOOL BUS  ☐ RAILROAD  ☐ MAB  ☐ SUPPLEMENT  ☐ ACTIVE SCHOOL ZONE

| Total Num. Units | 0 0 5 | Total Num. Prsns. | 0 0 9 | TxDOT Crash ID |
|---|---|---|---|---|

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**
Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields

Page 5 of 8

★=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

### IDENTIFICATION & LOCATION

★Crash Date (MM/DD/YYYY): 0 2 / 1 1 / 2 0 1 8
★Crash Time (24HRMM): 1 0 0 7
Case ID: 18-12981
Local Use:

★County Name: TARRANT
★City Name: FORT WORTH
☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No
Latitude (decimal degrees): 0 0 . 0 0 0 0 0
Longitude (decimal degrees): — 0 0 0 . 0 0 0 0 0

**ROAD ON WHICH CRASH OCCURRED**

★1 Rdwy. Sys.: SH
★Hwy. Num.: 287
2 Rdwy. Part: 1
Block Num.: 7900
3 Street Prefix: NW
★Street Name: HIGHWAY 287
4 Street Suffix:

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot
☐ Toll Road/ Toll Lane
Speed Limit: 70
Const. Zone: ☒ Yes
Workers Present: ☐ Yes ☒ No
Street Desc.:

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

At Int.: ☒ No ☐ Yes
1 Rdwy. Sys.: IH
Hwy. Num.: 35
2 Rdwy. Part: 1
Block Num.: 8200
3 Street Prefix: N
Street Name: FREEWAY
4 Street Suffix:

Distance from Int. or Ref. Marker: 500  ☒ FT ☐ MI
3 Dir. from Int. or Ref. Marker: W
Reference Marker:
Street Desc.:
RRX Num.:

### VEHICLE, DRIVER, & PERSONS

Unit Num.: 5
5 Unit Desc.: 1
☐ Parked Vehicle
☐ Hit and Run
LP State: TX
LP Num.: GHP9236
VIN: 3 C 4 P D C A B 9 D T 5 3 8 0 2 9

Veh. Year: 2 0 1 3
6 Veh. Color: RED
Veh. Make: DODGE
Veh. Model: JOURNEY
7 Body Style: P4
☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type: 1
DL/ID State: TX
DL/ID Num.: 38277395
9 DL Class: C
10 CDL End.: 98
11 DL Rest.: 98
DOB (MM/DD/YYYY): 0 8 / 1 8 / 1 9 7 6

Address (Street, City, State, ZIP): 209 MANCHESTER DR #254    EULESS    TX  76039

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle (Enter Driver or Primary Person for this Unit on first line) | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | MAVUNINU JEAN    JUCE | N | 41 | B | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | 3 | KAPEPULA    PERPETUE | B | 31 | B | 2 | 1 | 1 | 1 | 97 | N | Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |
| 3 | 2 | 4 | MAVUNINU    JUPERDIE | C | 7 | B | 2 | 1 | 1 | 1 | 97 | N | | | | | |
| 4 | 2 | 5 | MAVUNINU    FORDI | C | 7 | B | 1 | 1 | 1 | 1 | 97 | N | | | | | |

☒ Owner ☐ Lessee
Owner/Lessee Name & Address: JEAN    JUCE    MAVUNUNU
245 MANCHESTER DR APT 190    EULESS    TX  76039

Proof of Fin. Resp.: ☒ Yes ☐ No ☐ Expired ☐ Exempt
26 Fin. Resp. Type: 2
Fin. Resp. Name: HOME STATE COUNTY MUTUAL INSURANCE
Fin. Resp. Num.: 00017787

Fin. Resp. Phone Num.: 1-800-HOME STATE
27 Vehicle Damage Rating 1: - BD- 4
27 Vehicle Damage Rating 2: - -
Vehicle Inventoried: ☒ Yes ☐ No

Towed By: WESTERN RECOVERY
Towed To: WESTERN RECOVERY

### VEHICLE, DRIVER, & PERSONS

Unit Num.:
5 Unit Desc.:
☐ Parked Vehicle
☐ Hit and Run
LP State:
LP Num.:
VIN:

Veh. Year:
6 Veh. Color:
Veh. Make:
Veh. Model:
7 Body Style:
☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type:
DL/ID State:
DL/ID Num.:
9 DL Class:
10 CDL End.:
11 DL Rest.:
DOB (MM/DD/YYYY):

Address (Street, City, State, ZIP):

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle (Enter Driver or Primary Person for this Unit on first line) | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | Not Applicable – Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☐ Owner ☐ Lessee
Owner/Lessee Name & Address:

Proof of Fin. Resp.: ☐ Yes ☐ No ☐ Expired ☐ Exempt
26 Fin. Resp. Type:
Fin. Resp. Name:
Fin. Resp. Num.:

Fin. Resp. Phone Num.:
27 Vehicle Damage Rating 1: - -
27 Vehicle Damage Rating 2: - -
Vehicle Inventoried: ☐ Yes ☐ No

Towed By:
Towed To:

Law Enforcement and TxDOT Use ONLY.
Form CR-3    (Rev. 1/1/2018)

Case ID: 18-12981
TxDOT Crash ID:

Page 6 of 8

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |
| | | |

## CMV

| Unit Num. | ☐ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☐ Yes ☐ No | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. | |
|---|---|---|---|---|---|---|---|---|

Carrier's Corp. Name | Carrier's Primary Addr. | 30 Veh. Type

31 Bus Type: ☐ RGVW ☐ GVWR | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type

Unit Num.: ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No | Unit Num.: ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No

Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit ☐ Yes ☐ No | Actual Gross Weight | Total Num. Axles:

## FACTORS & CONDITIONS

| Unit # | 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| | | | | | 4 | 1 | 97 | 4 | 1 | 5 | 96 |

## NARRATIVE AND DIAGRAM

## INVESTIGATOR

Time Notified (24HRMM): 1 0 0 8
How Notified: DISPATCH
Time Arrived (24HRMM): 1 0 1 8
Report Date (MM/DD/YYYY): 0 2 / 1 1 / 2 0 1 8

Invest. Comp.: ☒ Yes ☐ No
Investigator Name (Printed): TRIGO        J
ID Num. 4036

ORI Num.: T X 2 2 0 1 2 0 0
*Agency: FORT WORTH POLICE DEPARTMENT
Service/Region/DA: N O R T H

Law Enforcement and TxDOT Use ONLY.
Form CR-3  1/1/2018

| Case ID | 18-12981 | TxDOT Crash ID | | Page 7 of 8 |
|---|---|---|---|---|

★ Crash Date (MM/DD/YYYY)  0 2 / 1 1 / 2 0 1 8    ★ Crash Time (24HRMM)  1 0 0 7    ★ County Name  TARRANT

★ City Name  FORT WORTH          ★ 1 Rdwy. Sys.  SH    ★ Hwy. Num.  287

★ Street Name  7900    NW    HIGHWAY 287

ORI Num.  T X 2 2 0 1 2 0 0    ★ Agency  FORT WORTH POLICE DEPARTMENT          Service/Region/DA  3 0

| Unit Num. | Person Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| 5 | 6 | COOK CHILDRENS | MEDSTAR 21 | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |

*DISPOSITION OF ADDITIONAL INJURED/ KILLED*

| Law Enforcement and TxDOT Use ONLY.<br>Form CR-3  1/1/2018 | Case<br>ID  18-12981 | | | | TxDOT<br>Crash ID | | | | | | | | Page 8 of 8 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

★ Crash Date (MM/DD/YYYY) 0 2 / 1 1 / 2 0 1 8    ★ Crash Time (24HRMM) 1 0 0 7    ★ County Name TARRANT

★ City Name FORT WORTH      ★ 1 Rdwy. Sys.  SH      ★ Hwy. Num. 287

★ Street Name 7900      NW      HIGHWAY 287

ORI Num. T X 2 2 0 1 2 0 0    ★ Agency FORT WORTH POLICE DEPARTMENT      Service/ Region/DA 3 0

| Unit Num. | Person Num. | 12 Person Type | 13 Seat Position | Name: Last, First, Middle | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 5 | 2 | 6 | MAVUNINU          BLESSING | C | 2 | | 2 | 1 | 5 | 1 | 97 | N |
| 5 | 6 | 2 | 7 | MAVUNINU          GIOVANNI | C | 1 | B | 1 | 1 | 5 | 1 | 97 | N |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

ADDITIONAL PERSONS

```
----User Attributes----

User Name = Independent Crawfordadj
Racf Identifier = ICRAWF2
User Identifier = ICRAWF2
Email Address = Crawford_Adjustors@gwccnet.com
Web Key Type = IAD
Web Key Code =
Agency Name =
Agent Number =
Company Name =
Web Operator Identifier =

----Form Parameters----

claimDocumentComments =
claimDocumentDate = 02/23/2018
claimDocumentType = 130
claimDocumentType_SELECT = 130
claimLossState = TX
claimNumber = N54863
claimRoot = /gwc/dwp1/uploads/ClaimDocumentUpload/was/
claimType = L
claimUserReference = 3194249
fileContentType = application/pdf
fileName = 3194249_Police Report Case _ 18-12981.pdf
insuredName = LIBERTY FREIGHT COMPANY INC
upload = Upload selected file
```

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **AIDA RAMADANOVIC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY** |
| **CONSTANTINO REYES, LIBERTY** | § | |
| **FREIGHT CO., INC., and** | § | |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

## <u>WRITTEN NOTICE OF CONSENT</u>

Defendant Government Employees Insurance Company hereby files its written consent to

the Notice of Removal to remove to this Court the State court action styled *Aida Ramadanovic vs.*

*Constantino Reyes, Liberty Freight Co., Inc. and Government Employees Insurance Company*;

Cause No. CC-20-00120-D.

Respectfully submitted,

TRINA T. WILSON & ASSOCIATES


By: ___/s/ Wendy McMillon_____
WENDY  MCMILLON
Texas State Bar No. 00790100

2280 North Greenville Avenue
Richardson, TX 75082-4412
Telephone: 972-855-6400
Fax: 972 -855-6418
Email: wmcmillon@geico.com

**ATTORNEY FOR DEFENDANT**
**GOVERNMENT EMPLOYEES**
**INSURANCE COMPANY**

# EXHIBIT "C"

# Case Information

CC-20-00120-D | AIDA RAMADANOVIC vs. CONSTANTINO REYES, LIBERTY FREIGHT CO., INC.,
GOVERNMENT EMPLOYEES INSURANCE

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-20-00120-D | County Court at Law No. 4 | ROSALES, PAULA |
| File Date | Case Type | Case Status |
| 01/07/2020 | DAMAGES (COLLISION) | OPEN |

# Party

PLAINTIFF
RAMADANOVIC, AIDA

Address
12700 PARK CENTRAL DR.
DALLAS TX 75251

Active Attorneys ▾
Lead Attorney
SPAHR, AARON C
Retained

DEFENDANT
REYES, CONSTANTINO

Address
1064 SANDUNE DRIVE
NORCROSS GA 30093

DEFENDANT
LIBERTY FREIGHT CO., INC.

Address
SERVE REGISTERED AGENT TAMELA R. COSTAULAS
13427 1/2 PUMICE STREET
NORWALK CA 90650

DEFENDANT
GOVERNMENT EMPLOYEES INSURANCE

Address
SERVE REGISTERED AGENT GREGORY JACOBI
4201 SPRING VALLEY ROAD
DALLAS TX 75244

## Events and Hearings

01/07/2020 NEW CASE FILED (OCA)

01/07/2020 ORIGINAL PETITION ▾

PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST

Comment
PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR
DISCLOSURE AND WRITTEN DISCOVERY

01/08/2020 ISSUE CITATION ▾

CITATION

CITATION

CITATION

Comment
ESERVE 39819096

01/08/2020 JURY TRIAL DEMAND

01/09/2020 CITATION (SERVICE)▾

Anticipated Server
ATTORNEY

Anticipated Method
Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
01/24/2020 10:14 AM
Anticipated Server
ATTORNEY

Anticipated Method

---

01/16/2020 RETURN OF SERVICE ▾

GOVERNMENT EMPLOYEES INSURANCE.pdf

Comment
GOVERNMENT EMPLOYEES INSURANCE

---

01/24/2020 RETURN OF SERVICE ▾

RETURN OF SERVICE - LIBERTY FREIGHT CO

Comment
LIBERTY FREIGHT CO., INC

---

01/30/2020 ORIGINAL ANSWER ▾

DEFENDANT'S ORIGINAL ANSWER

Comment
DEFENDANT'S ORIGINAL ANSWER

---

01/30/2020 CORRESPONDENCE ▾

CORRESPONDENCE

Comment
CORRESPONDENCE

---

01/30/2020 JURY TRIAL DEMAND

---

01/31/2020 MOTION - QUASH ▾

PLTF'S MOTION TO QUASH DEPOSITION

Comment
ORAL DEPOSITION OF PLAINTIFF

---

# Financial

RAMADANOVIC, AIDA

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $329.00 |
| Total Payments and Credits | | | | $329.00 |
| | | | | |
| 1/8/2020 | Transaction Assessment | | | $329.00 |
| 1/8/2020 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2020-00277 | RAMADANOVIC, AIDA | ($329.00) |

GOVERNMENT EMPLOYEES INSURANCE

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $40.00 |
| Total Payments and Credits | | | | $40.00 |
| | | | | |
| 1/30/2020 | Transaction Assessment | | | $40.00 |
| 1/30/2020 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2020-01291 | GOVERNMENT EMPLOYEES INSURANCE | ($40.00) |

## Documents

PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST

CITATION

CITATION

CITATION

3 CCL#4 Y LETTER

GOVERNMENT EMPLOYEES INSURANCE.pdf

RETURN OF SERVICE - LIBERTY FREIGHT CO

DEFENDANT'S ORIGINAL ANSWER

CORRESPONDENCE

PLTF'S MOTION TO QUASH DEPOSITION

# EXHIBIT "D"

FILED
1/7/2020 4:11 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-20-00120-D

CAUSE NO. _____

| | | |
|---|---|---|
| **AIDA RAMADANOVIC,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **AT LAW NO. ___** |
| **CONSTANTINO REYES, LIBERTY** | § | |
| **FREIGHT CO., INC. and GOVERNMENT** | § | |
| **EMPLOYEES INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE, REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW AIDA RAMADANOVIC, as Plaintiff in the above-captioned cause of action, and files this Original Petition complaining of CONSTANTINO REYES ("Reyes"), LIBERTY FREIGHT CO., INC. ("Liberty Freight"), and GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO"), and for causes of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests that this cause be designated as Level III.

2.      As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff's counsel respectfully asserts the Plaintiff seeks monetary relief of over one million dollars ($1,000,000.00). At this time, no discovery has been conducted and Plaintiff's assertion is made upon knowledge and

belief. Plaintiff implicitly trusts the judgment of the good and fair jury as the representatives of our community. Ultimately, Plaintiff will ask a jury of her peers to assess a fair and reasonable amount of money damages as compensation for her injuries.

## II.
## PARTIES

3.        Plaintiff Aida Ramadanovic is an individual resident of the State of Texas, City of Richardson, County of Dallas. Pursuant to §30.014 of the Texas Civil Practice and Remedies Code, Plaintiff Aida Ramadanovic is an individual with the following identifying numbers: (TXDL xxxxx221).

4.        Defendant Constantino Reyes (GADL xxxxx040) is an individual residing in Norcross, Gwinnett County, Georgia, Constantino Reyes may be served with process at **1064 Sandune Drive, Norcross, Georgia 30093, or wherever he may be found.**

5.        Defendant Liberty Freight Co., Inc. is a corporation conducting business in the State of Texas. Defendant Liberty Freight Co., Inc. may be served with process through its registered agent for service of process: **Tamela R. Costaulas, 13427 ½ Pumice Street, Norwalk, California 90650, or wherever it may be found.**

6.        Defendant Government Employees Insurance Company is a foreign casualty insurance corporation conducting business in Texas. GEICO may be served with process through its registered agent for service of process: **Gregory Jacobi, 4201 Spring Valley Road, Dallas, Texas 75244, or wherever it may be found.**

### III.
### JURISDICTION AND VENUE

7.      Plaintiff is a resident of Dallas County. Defendant GEICO maintains a principal office in Dallas County. Therefore, venue is proper pursuant to §1952.110 of the Texas Insurance Code and §15.001 and §15.002(a)(2) & (3) of the Texas Civil Practice & Remedies Code.

8.      Subject matter jurisdiction of this cause rests with this Honorable Court as the amount in controversy exceeds its minimum jurisdictional requirements. *In personam* jurisdiction is satisfied, as Defendants performed business in this state, namely committing a tort, and are therefore subject to Long-Arm jurisdiction pursuant to Tex. Civ. Prac. & Remedies Code Section 17.042.

9.      All conditions precedent have occurred.

10.     Nothing Plaintiff did caused or contributed to this occurrence.

### IV.
### BACKGROUND FACTS

11.     On or about February 22, 2018, Aida Ramadanovic was traveling southeast in the 7900 block of State Highway 287 in the left lane.

12.     Defendant Constantino Reyes, driving a 2007 Freightliner owned and insured by Liberty Freight Co., Inc. was also traveling southeast in the 7900 block of State Highway 287 in the left lane and was directly behind Plaintiff's vehicle. At all times relevant to this litigation, Reyes was acting within the course and scope of his employment with Liberty Freight.

13.     The Collision, which was caused by the negligent actions and omissions of Reyes, acting within the course and scope of his employment with Liberty Freight, occurred when Plaintiff, upon witnessing the vehicle directly in front of her skid and slide onto the right shoulder of the highway facing the wrong way, slowed her vehicle in a precautionary manner. Defendant Reyes

failed to control his speed and/or timely apply his vehicle's brakes, thereby striking the rear-end of Plaintiff's vehicle.

14.     As a result of the negligent conduct of Reyes, while acting within the course and scope of his employment with Liberty Freight, Plaintiff suffered injuries and damages.

15.     At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant GEICO, Policy No. 4293-31-35-26, which insured Plaintiff in the event she was damaged or injured by the negligence of an uninsured or underinsured motorist. Plaintiff has complied with all the terms and conditions of the policy prior to bringing this action. Plaintiff would show that at the time of trial of this matter she will offer into evidence a copy of said policy, unless the original of the same is produced by Defendant GEICO at said trial.

## V.
## NEGLIGENCE OF CONSTANTINO REYES

16.     At all times relevant to this litigation, Constantino was acting within the course and scope of his employment with Liberty Freight.

17.     Plaintiff would show that at the time of the incident in question and immediately prior thereto, Reyes, through negligent acts and/or omissions, caused injury and damage to the Plaintiff. One or more of the following acts or omissions of Reyes constitutes negligence and was a proximate cause of the incident made the basis of this lawsuit:

      a.      Failing to maintain a proper lookout for the safety of Plaintiff and of others, contrary to what a reasonably prudent person would have done under the same or similar circumstanced;

      b.      Failing to turn his vehicle to the right or left in an attempt to avoid the collision that is the subject of this lawsuit, contrary to what a reasonably prudent person would have done under the same or similar circumstances;

      c.      Failing to yield the right-of-way to Plaintiff, contrary to what a reasonably prudent person would have done under the same or similar circumstances, by attempting to occupy the space occupied by Plaintiff's vehicle;

    d.      Failing to maintain a safe distance between his vehicle and the vehicle of Plaintiff, contrary to what a reasonably prudent person would have done under the same of similar circumstances; and

    e.      Failing to control the speed of his vehicle, contrary to what a reasonably prudent person would have done under the same or similar circumstances, in violation of §545.351 of the Texas Transportation Code.

18.    Each of the aforementioned acts and omissions of Reyes constitute negligence, and are a proximate cause of the Plaintiff's injuries and damages for which this lawsuit is brought.

## VI.
## NEGLIGENCE OF LIBERTY FREIGHT CO., INC.

19.    At all times material to this lawsuit, Liberty Freight Co., Inc. owned the truck driven by Defendant Reyes. At all times material to this lawsuit, Reyes was an employee of Defendant Liberty Freight and was acting within the course and scope of his employment with Defendant Liberty Freight. At all times material to this lawsuit, Defendant Liberty Freight was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or Texas Motor Carrier Safety Regulations. At all times material to this lawsuit. Defendant Liberty Freight was a statutory employer of Constantino Reyes under the Federal Motor Carrier Safety Regulations and the Texas Transport Code. Consequently, Liberty Freight is vicariously liable to Plaintiff for the negligent conduct of Defendant Reyes, under both common and statutory law.

20.    At all times material hereto, Defendant Liberty Freight was subject to the provision of the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations and as such owned a duty to follow those regulations, including but not limited to those addressing qualifying drivers, monitoring driver qualification files, drug testing, and supervision. The independent conduct of Defendant Liberty Freight constituted negligence. Such negligent acts or omissions include, but are not limited to the following:

    a.      hiring and/or retaining Defendant Reyes, whom it knew or should have known was a reckless or incompetent driver;

    b.      entrusting a vehicle to Defendant Reyes, whom it knew or should have known was a reckless or incompetent driver

    c.      failing to properly train Defendant Reyes in safe motor vehicle operation;

    d.      failing to properly supervise Defendant Reyes' driving activities;

    e.      failing to properly qualify Defendant Reyes; and/or

    f.      other acts of negligence.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant Liberty Freight constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VII.
## GROSS NEGLIGENCE OF CONSTANTINO REYES AND LIBERTY FREIGHT CO.

21.    Plaintiff would further show that Defendants' conduct rose to the level of malice under the laws of the State of Texas, as Defendants' actions, which when viewed objectively at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which Reyes and Liberty Freight had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Such acts and omissions of Defendants are proximate cause of the Plaintiff injuries and damages for which this lawsuit is brought. Plaintiff requests that punitive damages be awarded in an amount at the sole discretion of the trier of fact, which will deter this type of conduct in the future.

## VIII.
## NEGLIGENT ENTRUSTMENT OF LIBERTY FREIGHT CO., INC.

22.     At the time of the incident for which this lawsuit is brought, Reyes was operating a motor vehicle owned and insured by Liberty Freight Co., Inc.

23.     Liberty Freight entrusted the vehicle to Reyes, whom Liberty Freight knew or should have known at the time was an incompetent and/or reckless driver.

24.     Reyes' negligent actions and/or omissions as they relate to the incident for which this lawsuit is brought were the proximate cause of the Plaintiff's injuries and damages, and as such, Liberty Freight's entrustment of its vehicle to Reyes was negligent.

## IX.
## RESPONDEAT SUPERIOR OF LIBERTY FREIGHT CO., INC.

25.     An employer-employee relationship existed between Reyes and Liberty Freight, pursuant to Federal and State Motor Carrier regulations and under the common law. Further, Reyes was acting within the course and scope of his employment with Liberty Freight, and in furtherance of Liberty Freight's business, and for the accomplishment of the object for which Reyes was hired. The negligence and liability of Reyes should thus be imputed upon Liberty Freight.

26.     At all times material hereto there existed an agency by estoppel relationship between Reyes and Liberty Freight, as a result of which Liberty Freight is estopped to deny said agency relationship.

27.     Therefore, Liberty Freight is responsible for the actions/inactions of its agents and employees under the doctrine of *respondeat superior* and/or ostensible agency, in that its driver was acting as an agent and/or employee of the organization.

## X.
## CONDITIONS PRECEDENT

28.    Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

29.    At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant GEICO, Policy No. 4293-31-35-26, which insured Plaintiff in the event she was damaged or injured by the negligence of an underinsured motorist. Plaintiff has complied with all the terms and conditions of the policy prior to bringing this action. Plaintiff would show that at the time of trial of this matter she will offer into evidence a copy of said policy, unless the original of the same is produced by Defendant GEICO at said trial. In this regard, Plaintiff would show that she was in fact an uninsured/underinsured motorist as defined by law and the policy in question.

30.    Plaintiff presented her claim for uninsured/underinsured motorist benefits under her contract of insurance with GEICO. Plaintiff pleads that all conditions precedent to filing suit have been complied with, including the statutory notice provision.

## XI.
## DECLARATORY RELIEF

31.    Plaintiff asserts claim under Texas Civil Practice and Remedies Code 37.001 *et seq.*    to have her rights, status, and other legal relationships under the Insurance Policy she purchased from GEICO established by a court of competent jurisdiction. Plaintiff seeks a declaration from the Court that:

    A.    The negligence of Constantino Reyes and Liberty Freight Co., Inc. in that automobile wreck was the proximate cause of bodily injuries and damages to Plaintiff, which injuries include the following:

1.      Reasonable and necessary health care expenses incurred in the past;

2.      Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.      Physical pain and suffering in the past;

4.      Physical pain and suffering which, in all reasonable probability, will be endured in the future;

5.      Mental anguish suffered in the past;

6.      Mental anguish which, in all reasonable probability, will be suffered in the future;

7.      Loss of earning capacity in the past;

8.      Loss of earning capacity, which in all reasonable probability, will be sustained in the future;

9.      Physical impairment suffered in the past;

10.     Physical impairment which, in all reasonable probability, will be suffered in the future.

B.      Plaintiff's claim for underinsured motorist benefits under GEICO Policy No. 4293-31-35-26 (hereinafter the "Insurance Policy") as a result of a car wreck that occurred on February 11, 2018, is covered under the Insurance Policy.

C.      Plaintiff Aida Ramadanovic also seeks a declaration determining the amount of uninsured/underinsured motorist benefits that she is entitled to recover from Defendant GEICO, after all applicable set-offs and credits, for each of the following elements of damages covered under the Insurance Policy:

1.      Reasonable and necessary health care expenses incurred in the past;

2.      Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

3.      Physical pain and suffering in the past;

4.  Physical pain and suffering which, in all reasonable probability, will be endured in the future;

5.  Mental anguish suffered in the past;

6.  Mental anguish which, in all reasonable probability, will be suffered in the future;

7.  Loss of earning capacity in the past;

8.  Loss of earning capacity, which in all reasonable probability, will be sustained in the future;

9.  Physical impairment suffered in the past; and

10. Physical impairment which, in all reasonable probability, will be suffered in the future.

32.  Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et seq.*, for declaration that her injuries and damages fall within the coverage of the Insurance Policy issued by Defendant GEICO and for a declaration of her rights to such benefits and judgment against Defendant.

## XII.
## DAMAGES FOR PLAINTIFF

33.  As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, who at all times were acting jointly and/or severally, Aida Ramadanovic sustained injuries and damages in the past and will in reasonable probability sustain these damages in the future.

34.  Plaintiff respectfully requests that the trier of fact determine the amount of Plaintiff's damages and losses that Plaintiff has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

a.  Medical care expenses incurred in the past;

b.      Medical care expenses which will in all reasonable probability be incurred in the future;

c.      Physical pain and mental anguish suffered in the past;

d.      Physical pain and mental anguish which will in all reasonable probability be suffered in the future;

e.      Loss of earnings sustained in the past;

f.      Loss of earning capacity which in all reasonable probability Plaintiff will sustain in the future;

g.      Physical impairment suffered in the past;

h.      Physical impairment which in all reasonable probability Plaintiff will suffer in the future; and

i.      Disfigurement.

## XIII.
## JURY DEMAND

35.    Plaintiff hereby demands a trial by jury.

## XIV.
## REQUEST FOR DISCLOSURE

36.    Plaintiff hereby requests that Defendants disclose, within fifty (50) days of the service of this lawsuit upon them, all information defined by Texas Rule of Civil Procedure 194.2(a)-(l).

## XV.
## RULE 193.7 NOTICE

37.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant(s) producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XVI.
## PRAYER

38.     **WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendants be duly cited and served to appear and answer herein, and that upon a final trial of this cause, Plaintiff recovers from Defendants the following:

a.      Plaintiff's actual damages, as set forth above, and in an amount in excess of the minimum jurisdictional limits of this Honorable Court;

b.      pre-judgment interest at the highest rate allowed by law:

c.      post-judgment interest at the highest rate allowed by law;

d.      costs of this Honorable Court; and

e.      all such other and further relief, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**FRENKEL & FRENKEL, L.L.P.**
12700 Park Central Drive, Suite 1900
Dallas, Texas 75251-1508
(214) 333-3333
(214) 265-9360 [telecopier]
aaron@frenkelfirm.com

By:     _/S/ Aaron C. Spahr_
        Aaron C. Spahr
        State Bar No. 00794674

COUNSEL FOR PLAINTIFF

CAUSE NO. CC-20-00120-D _____

| | | |
|---|---|---|
| **AIDA RAMADANOVIC,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **AT LAW NO. ___** |
| **CONSTANTINO REYES, LIBERTY** | § | |
| **FREIGHT CO., INC. and GOVERNMENT** | § | |
| **EMPLOYEES INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANT CONSTANTINO REYES

**TO:**   Constantino Reyes, 1064 Sandune Drive, Norcross, Georgia 30093.

**COMES NOW AIDA RAMADANOVIC,** Plaintiff in the above-captioned cause of action, and pursuant to Rules 196, 197, and 198 of the Texas Rules of Civil Procedure, serves the foregoing First Set of Interrogatories, Request for Production, and Request for Admissions upon Defendant Constantino Reyes.

Respectfully submitted,

**FRENKEL & FRENKEL, L.L.P.**
12700 Park Central Drive, Suite 1900
Dallas, Texas  75251-1508
(214) 333-3333
(214) 265-9360 [facsimile]
aaron@frenkelfirm.com

By:   _/S/ Aaron C. Spahr_____
     Aaron C. Spahr
     State Bar No. 00794674

COUNSEL FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

   This is to certify, pursuant to Rule 21a of the Texas Rules of Civil Procedure, that a true and correct copy of *Plaintiff's Written Discovery to Defendant Constantino Reyes* was served upon Defendant Constantino Reyes via Hand-Delivery, contemporaneously with the service of Plaintiff's Original Petition upon Defendant.

Constantino Reyes
1064 Sandune Drive
Norcross, GA 30093


        By:   */S/ Aaron C. Spahr*
          Aaron C. Spahr

## FIRST INTERROGATORIES

**INTERROGATORY NO. 1:**       Please state your full name, any other name by which you have been known, your date of birth, driver's license number, and permanent street address.

**ANSWER:**

**INTERROGATORY NO. 2:**       Please state whether the 2007 Freightliner driven by you on the day of the incident made the basis of this lawsuit was owned by you at the time of the incident. If the 2007 Freightliner was not owned by you, please state the identity of the owner.

**ANSWER:**

**INTERROGATORY NO. 3:**       If you contend the negligence of any third party caused or contributed to the incident in question, please identify any such person or entity and generally state the facts which support your contention.

**ANSWER:**

**INTERROGATORY NO. 4:**       If you contend the incident in question was unavoidable, or a result of a sudden emergency, state generally the reason(s) you contend the incident in question was unavoidable or the result of a sudden emergency, and generally state the facts which support your contention, in whole or in part.

**ANSWER:**

**INTERROGATORY NO. 5:**       If you contend the incident in question was caused by the negligence of Plaintiff, and/or one or more third parties was/were the sole or partial proximate cause of the incident in question and the injuries and damages alleged by Plaintiff, state generally the reasons therefore.

**ANSWER:**

**INTERROGATORY NO. 6:**       If you contend (or intend to contend at trial) that Plaintiff in any way failed to exercise ordinary care and caused or contributed to the incident in question and/or the injuries sustained by the Plaintiff, please state the particular manner in which you contend that Plaintiff failed to exercise ordinary care and in what specific way such acts and/or violations contributed to and/or caused the incident in question and/or the injuries sustained by the Plaintiff in the incident in question.

**ANSWER:**

**INTERROGATORY NO. 7:**       Have you been a party to any other lawsuit besides the one in question? If so, please state the following:

      a)       the county where suit was filed;

b)      the approximate date suit was filed;
c)      the nature of the suit;
d)      the disposition of the suit.

**ANSWER:**

**INTERROGATORY NO. 8:**      Pursuant to the Texas Rules of Civil Evidence No. 609, please state whether you intend to impeach the Plaintiff, any agents, servants, and/or employees of the Plaintiff, or any person with relevant knowledge listed by the Plaintiff with evidence of a criminal conviction. If so, please state the name of the person you intend to impeach and the date, court, and nature of any such criminal conviction.

**ANSWER:**

**INTERROGATORY NO. 9:**      Describe in your own words how the incident occurred and state specifically and in detail what your claim or contention will be regarding any cause or contributing cause of the incident in question, including a statement in detail of the facts or information upon which this contention is based.

**ANSWER:**

**INTERROGATORY NO. 10:**      Please identify all investigations of the occurrence in question which you conducted or of which you have knowledge. Please include the date the investigation began and the date it ended, and state the name, address, and relationship of each individual who participated in any such investigation and whether a written report or statement was made in regards to the investigation.

**ANSWER:**

**INTERROGATORY NO. 11:**      Please state the purpose of your travel at the time of the occurrence in question. Please include your point of origin, your intended destination, and any stops at any intermediate points prior to the occurrence in question, including initial departure time and arrival time, if known to you.

**ANSWER:**

**INTERROGATORY NO. 12:**      Identify any cellular telephones available to you or in your possession at the time of the incident in question including the name of the service provider, telephone number, billing name, and billing address.

**ANSWER:**

**INTERROGATORY NO. 13:**      Please state whether you consumed any alcohol, narcotics, or prescription drugs in the twelve (12) hours preceding the collision made the basis of this lawsuit. If so, please identify what alcohol, narcotics, and/or prescription drugs, and the amount and/or dosage consumed of each.

**ANSWER:**

**INTERROGATORY NO. 14:**      For the five (5) years preceding the incident for which this lawsuit was brought, please identify any moving violations and/or equipment violations for which you have been issued a ticket, including the approximate month and year, county, state, and disposition.

**ANSWER:**

**INTERROGATORY NO. 15:**      Please identify your employer as of the date of the collision made the basis of this lawsuit, including the name of your supervisor, your job title, a description of your duties, your shift hours, your starting date, and any promotions/demotions you have received while employed.

**ANSWER:**

**INTERROGATORY NO. 16:**      Please state your activities for the twenty-four (24) hours preceding the collision made the basis of this lawsuit, including the approximate times of any periods of sleep and/or rest.

**ANSWER:**

**INTERROGATORY NO. 17:**      Please identify all states in which you have held a driver's license.

**ANSWER:**

**INTERROGATORY NO. 18:**      Please identify all times your driver's license has been suspended or revoked, including the state suspending or revoking your license, the reason(s) for the suspension(s) or revocation(s), and the periods of suspension or revocation.

**ANSWER:**

## FIRST REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   All videotapes and photographs depicting the Plaintiff on the day of the incident in question and subsequently thereafter.

**RESPONSE:**

**REQUEST NO. 2:**   All records showing evidence of the Plaintiff's medical history.

**RESPONSE:**

**REQUEST NO. 3:**   All records showing evidence of the Plaintiff's earning or employment history.

**RESPONSE:**

**REQUEST NO. 4:**   All records and documentation showing evidence of the Plaintiff's credit history.

**RESPONSE:**

**REQUEST NO. 5:**   All records and documents showing evidence of the Plaintiff's criminal history.

**RESPONSE:**

**REQUEST NO. 6:**   All records and documents showing evidence of any of the Plaintiff's claims history.

**RESPONSE:**

**REQUEST NO. 7:**   All records and documents showing evidence of lawsuits, other than the one at hand, in which Plaintiff is/was a party.

**RESPONSE:**

**REQUEST NO. 8:**   All documents and records reflecting repair and/or maintenance to the vehicle driven by you at the time of the incident in question from one (1) year prior to the incident in question to present.

**RESPONSE:**

**REQUEST NO. 9:**    All documents upon which you rely to support any of your defenses in this case.

**RESPONSE:**

**REQUEST NO. 10:**  Any published treatises, periodicals, articles, journals, memoranda or pamphlets on the subject involved in this lawsuit from which statements are intended to be read into evidence or which you now or at a later time will contend are authoritative or reliable, in whole or in part. In identifying and listing the published treatises, periodicals, or pamphlets, please state the title, volume, and author and the statement or portion which will be read into evidence.

**RESPONSE:**

**REQUEST NO. 11:**  Copies evidencing any claim or lawsuit other than the incident made the basis of this lawsuit in which you have been a named party.

**RESPONSE:**

**REQUEST NO. 12:**  Any diaries, calendars, notes, or any other lists kept by you, your agents, or representatives which relate in any way to the matters made the basis of this suit or the circumstances surrounding such matters.

**RESPONSE:**

**REQUEST NO. 13:**  All photographs, videotapes, slides, tape recordings, or other such reproductions which are in your possession, custody, or control, which in any way relate to the subject matter of this lawsuit or the occurrence made the basis of the claims herein.

**RESPONSE:**

**REQUEST NO. 14:**  A copy of all estimates, invoices, or other documents pertaining to the value of the damage sustained by the vehicle driven by you which was involved in the incident in question.

**RESPONSE:**

**REQUEST NO. 15:**  A copy of the front and back of your driver's license.

**RESPONSE:**

**REQUEST NO. 16:**  True, correct and legible copies of all relevant judgments of previous convictions of any Defendant or any person identified by any Defendant as having knowledge of relevant facts.

**RESPONSE:**

**REQUEST NO. 17:**  True, correct and legible copies of all relevant public records and/or reports that you may seek to introduce under the Texas Rules of Civil Evidence.

**RESPONSE:**

**REQUEST NO. 18:**  All records of any communication whatsoever between you and the Plaintiffs.

**RESPONSE:**

**REQUEST NO. 19:**  Please produce any and all documentation reflecting your claim for compensation, if any, relating to the incident in question.

**RESPONSE:**

**REQUEST NO. 20:**  Please attach any and all documents reflecting ownership of the vehicle driven by you which was involved in the incident in question, including but not limited to, title and registration.

**RESPONSE:**

**REQUEST NO. 21:**  Please attach a copy of all active pleadings, including Original Charge, Defendant Plea, Final Verdict, etc., concerning any criminal proceedings brought against you for actions associated with the incident in question.

**RESPONSE:**

**REQUEST NO. 22:**  Please attach a copy of any and all checks paid to the Plaintiff or on Plaintiff's behalf for damages the Plaintiff has incurred as a result of the incident in question.

**RESPONSE:**

**REQUEST NO. 23:**  Please provide copies of all documents that you have obtained through the use of any medical information release provided to you by the Plaintiff(s).

**RESPONSE:**

**REQUEST NO. 24:**  Please provide copies of all documents that you have obtained through use of any employment/wage information release provided to you by the Plaintiff(s).

**RESPONSE:**

**REQUEST NO. 25:**  Please provide a current copy of your driving record and criminal record, if any.

**RESPONSE:**

**REQUEST NO. 26:**  Pursuant to Texas Rule of Evidence 609, please produce copies of any criminal convictions which you plan to use to impeach Plaintiff(s), any agent, servant and/or employee of Plaintiff, or any individuals with relevant knowledge listed by the Plaintiff.

**RESPONSE:**

**REQUEST NO. 27:**  Please produce all billing records covering any and all calls, text, data, or any other activity for any cellular telephone that was available to you or in the vehicle in question on the date of the collision. This Request is limited to cellular telephone activity on the day of the collision only.

**RESPONSE:**

## FIRST REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Constantino Reyes ADMITS the condition of the road surface did not contribute to the cause of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**

Constantino Reyes ADMITS lighting conditions did not contribute to the cause of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**

Constantino Reyes ADMITS weather conditions did not contribute to the cause of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Constantino Reyes ADMITS a sudden emergency did not contribute to the cause of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**

Constantino Reyes ADMITS the Plaintiff did not contribute to the cause of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**

Constantino Reyes ADMITS a third party did not contribute to the cause of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Constantino Reyes ADMITS he was using a cellular telephone or hand-held electronic device at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Constantino Reyes ADMITS he was inattentive at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Constantino Reyes ADMITS he caused a collision involving the Plaintiff's vehicle.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Constantino Reyes ADMITS he was driving at an excessive rate of speed immediately prior to the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Constantino Reyes ADMITS the Plaintiff sustained injuries as a result of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

Constantino Reyes ADMITS the Plaintiff is entitled to recover from Defendants reasonable and necessary medical expenses incurred in the past as a result of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

Constantino Reyes ADMITS the Plaintiff is entitled to recover from Defendants money for physical impairment as a result of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Constantino Reyes ADMITS he failed to maintain a proper lookout within thirty (30) seconds before the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**

Constantino Reyes ADMITS he was inattentive to the traffic conditions at the time of the subject incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**

Constantino Reyes ADMITS he failed to control the speed of his vehicle at the time of the incident made the basis of this lawsuit, in violation of §545.351 of the Texas Transportation Code.

**RESPONSE:**

CAUSE NO. CC-20-00120-D _____

| | | |
|---|---|---|
| **AIDA RAMADANOVIC,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **AT LAW NO. ___** |
| **CONSTANTINO REYES, LIBERTY** | § | |
| **FREIGHT CO., INC. and GOVERNMENT** | § | |
| **EMPLOYEES INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S WRITTEN DISCOVERY TO
## DEFENDANT LIBERTY FREIGHT CO., INC.

**TO:** Liberty Freight Co., Inc. c/o Temela R. Costaulas, 13427 ½ Pumice Street, California 90650.

**COMES NOW AIDA RAMADANOVIC**, Plaintiff in the above-captioned cause of action, and pursuant to Rules 196, 197 and 198 of the Texas Rules of Civil Procedure, serves the foregoing First Set of Interrogatories, Request for Production and Request for Admissions upon Defendant Liberty Freight.

Respectfully submitted,

**FRENKEL & FRENKEL, L.L.P.**
12700 Park Central Drive, Suite 1900
Dallas, Texas  75251-1508
(214) 333-3333
(214) 265-9360 [facsimile]
aaron@frenkelfirm.com

By: ___ */S/ Aaron C. Spahr* _____
    Aaron C. Spahr
    State Bar No. 00794674

COUNSEL FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

This is to certify, pursuant to Rule 21a of the Texas Rules of Civil Procedure, that a true and correct copy of *Plaintiff's Written Discovery to Defendant Liberty Freight* was served upon Defendant Liberty Freight via Hand-Delivery, contemporaneously with the service of Plaintiff's Original Petition upon Defendant.

Liberty Freight
c/o Tamela R. Costaulas
13427 ½ Pumice Street
Norwalk, CA 90650

By:    */S/ Aaron C. Spahr*
       Aaron C. Spahr

## FIRST INTERROGATORIES

**INTERROGATORY NO. 1:**  Please state the full name, date of birth, driver's license number, and association to Liberty Freight, of the person answering these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**  If you contend the negligence of anyone other than any present party to this lawsuit caused or contributed to the incident in question, please identify any such person or entity, and generally state the facts which support your contention.

**ANSWER:**

**INTERROGATORY NO. 3:**  If you contend the incident in question was unavoidable, or a result of a sudden emergency, state generally the reason(s) you contend the incident in question was unavoidable or the result of a sudden emergency, and generally state the facts which support your contention, in whole or in part.

**ANSWER:**

**INTERROGATORY NO. 4:**  If you contend the incident in question was caused by the negligence of Aida Ramadanovic, and/or one or more third parties was/were the sole or partial proximate cause of the incident in question and the injuries and damages alleged by the Plaintiff, state generally the reasons therefore.

**ANSWER:**

**INTERROGATORY NO. 5:**  If Liberty Freight contends (or intends to contend at trial) Aida Ramadanovic in any way failed to exercise ordinary care and caused or contributed to the incident in question and/or the injuries sustained by Aida Ramadanovic, please state in particular the manner in which Liberty Freight contends Aida Ramadanovic failed to exercise ordinary care and in what specific way such acts and/or violations contributed to and/or caused the incident in question and/or the injuries sustained by Aida Ramadanovic in the incident in question.

**ANSWER:**

**INTERROGATORY NO. 6:**  Pursuant to the Texas Rules of Civil Evidence No. 609, please state whether Liberty Freight intends to impeach the Plaintiff, any agents, servants, and/or employees of the Plaintiff, or any persons with relevant knowledge listed by the Plaintiff with evidence of a criminal conviction. If so, please state the name of the person you intend to impeach and the date, court, and nature of any such criminal conviction.

**ANSWER:**

**INTERROGATORY NO. 7:**  Describe in your own words how the incident occurred and state specifically and in detail what the claim or contention of Liberty Freight will be regarding any cause or contributing cause of the incident in question, including a statement in detail of the facts or information upon which this contention is based.

**ANSWER:**

**INTERROGATORY NO. 8:**  Please identify all investigations of the occurrence in question which you conducted or of which you have knowledge. Please include the date the investigation began and the date it ended, and state the name, address, and relationship of each individual who participated in any such investigation and whether a written report or statement was made in regards to the investigation.

**ANSWER:**

**INTERROGATORY NO. 9:**  Please state the purpose of Constantino Reyes's travel at the time of the occurrence in question.  Please include his point of origin, his intended destination, and stops at any intermediate points prior to the occurrence in question, including initial departure time and arrival, if known to you.

**ANSWER:**

**INTERROGATORY NO. 10:**  Identify any cellular telephones owned and operated by Liberty Freight that were available to Constantino Reyes or in his possession at the time of the incident in question including the name of the service provider, telephone number, and billing name and address.

**ANSWER:**

**INTERROGATORY NO. 11:**  Please describe Constantino Reyes's employment status with Liberty Freight on the date of the incident, including the length of time he was or has been employed by Liberty Freight, his position, job description, job responsibilities, immediate supervisor, and whether Constantino Reyes was working at the time of the incident.

**ANSWER:**

**INTERROGATORY NO. 12:**  Please identify measures taken by Liberty Freight to determine Constantino Reyes's fitness to drive at the time he was hired.

**ANSWER:**


**INTERROGATORY NO. 13:**  Please identify measures taken by Liberty Freight to assess Constantino Reyes's fitness to drive for any period of time after Constantino Reyes's initial hire.

**ANSWER:**


**INTERROGATORY NO. 14:**  Please identify any other accidents, incidents, or collisions involving Constantino Reyes's operation of a motor vehicle, involving damage to Liberty Freight property.

**ANSWER:**


**INTERROGATORY NO. 15:**  Please describe any disciplinary action taken by Liberty Freight against Constantino Reyes, including written reprimands, verbal warnings, written warnings, suspensions (with or without pay), and remedial training during his employment with Liberty Freight

**ANSWER:**


**INTERROGATORY NO. 16:**  Please identify any fleet management software or hardware installed or present in the vehicle operated by Constantino Reyes in the collision made the basis of this lawsuit.

**ANSWER:**


**INTERROGATORY NO. 17:**  Please identify any policies of Liberty Freight pertaining to employees' use of cell phones while driving.

**ANSWER:**


**INTERROGATORY NO. 18:**  Please identify any policy of Liberty Freight pertaining to employee driving.

**ANSWER:**

## FIRST REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   All documents upon which you rely to support any of your defenses in this case.

**REQUEST NO. 2:**   Any published treatises, periodicals, articles, journals, memoranda or pamphlets on the subject involved in this lawsuit from which statements are intended to be read into evidence or which you now or at a later time will contend are authoritative or reliable, in whole or in part. In identifying and listing the published treatises, periodicals, or pamphlets, please state the title, volume, and author and the statement or portion which will be read into evidence.

**REQUEST NO. 3:**   Copies evidencing any claim or lawsuit involving a motor vehicle collision, besides the incident made the basis of this lawsuit, in which Liberty Freight has been a named party in the past three (3) years.

**REQUEST NO. 4:**   Any diaries, calendars, notes, or any other lists kept by Liberty Freight, its agents, or representatives that relate in any way to the matters made the basis of this suit or the circumstances surrounding such matters.

**REQUEST NO. 5:**   All photographs, video tapes, slides, tape recordings, or other such reproductions which are in Liberty Freight's possession, custody, or control, which in any way relate to the subject matter of this lawsuit or the occurrence made the basis of the claims herein.

**REQUEST NO. 6:**   True, correct and legible copies of all relevant public records and/or reports that Liberty Freight may seek to introduce under the Texas Rules of Civil Evidence.

**REQUEST NO. 7:**   All records of any communication whatsoever between Liberty Freight and the Plaintiff.

**REQUEST NO. 8:**   Please provide copies of all documents that you have obtained through the use of any medical information release provided to you by the Plaintiff.

**REQUEST NO. 9:**   Please provide copies of all documents that you have obtained through use of any employment/wage information release provided to you by the Plaintiff.

**REQUEST NO. 10:** Please provide a complete copy of Constantino Reyes' entire employment/personnel file, including but not limited to the following:

      a.  performance reviews;
      b.  evaluations and self-evaluations;
      c.  any drug testing policy;
      d.  results of any and all drug tests;
      e.  any writing or electronic data memorializing any discipline against Constantino Reyes;
      f.  any records of any medical examinations of Constantino Reyes;
      g.  any driving record of Constantino Reyes;
      h.  any records of tickets or citations issued to Constantino Reyes;
      i.  any motor vehicle reports of Constantino Reyes at the time of his hire;
      j.  any motor vehicle reports of Constantino Reyes;
      k.  any application(s) of Constantino Reyes for employment;
      l.  any employment verifications pertaining to Constantino Reyes;
      m.  any records of training or remedial training;
      n.  any records of testing, whether electronic or written;
      o.  any records of Constantino Reyes' illnesses;
      p.  any records of any medical limitations of Constantino Reyes; and
      q.  any records of injuries to Constantino Reyes.

**REQUEST NO. 11:** Pursuant to Texas Rule of Evidence 609, please produce copies of any criminal convictions which you plan to use to impeach Plaintiff, any agent, servant and/or employee of Plaintiff, or any individuals with relevant knowledge listed by the Plaintiff.

**REQUEST NO. 12:** Please produce all billing records covering any and all calls, texts, data or any other activity for any cellular telephone that was owned and operated by Liberty Freight, and available to Constantino Reyes or in the vehicle in question on the date of the collision. This Request is limited to cellular telephone activity on the day of the collision only.

**REQUEST NO. 13:** Please produce any company safety manual Constantino Reyes was expected to follow.

**REQUEST NO. 14:** Please produce any company policy related to mobile device and/or cell phone use Constantino Reyes was expected to follow.

**REQUEST NO. 15:** Please produce all company employment handbooks given to Constantino Reyes related to his employment with Liberty Freight.

**REQUEST NO. 16:**  Please produce any company drug and/or alcohol policies applicable to Constantino Reyes.


**REQUEST NO. 17:**  Please produce any company drug testing policies applicable to Constantino Reyes.


**REQUEST NO. 18:**  Please produce any company driving policies applicable to Constantino Reyes.


**REQUEST NO. 19:**  Please produce any and all electronic on-board recording records for the commercial motor vehicle involved in this collision for the date of incident.

## FIRST REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Liberty Freight ADMITS it is a domestic nonprofit corporation conducting business in the State of Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**

Liberty Freight ADMITS Constantino Reyes was employed by Liberty Freight on February 11, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**

Liberty Freight ADMITS Constantino Reyes was acting in his capacity as an employee of Liberty Freight at the time of the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Liberty Freight ADMITS Constantino Reyes was negligent at the time of the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**

Liberty Freight ADMITS Constantino Reyes was grossly negligent at the time of the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**

Liberty Freight ADMITS an employer-employee relationship existed between Constantino Reyes and Liberty Freight.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Liberty Freight ADMITS the negligence and liability of Constantino Reyes should be imputed upon Liberty Freight.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Liberty Freight ADMITS it is responsible for the actions/inactions of its agents and employees.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Liberty Freight ADMITS it negligently trained Constantino Reyes.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Liberty Freight ADMITS it negligently supervised Constantino Reyes.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Liberty Freight ADMITS it negligently hired and retained Constantino Reyes.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

Liberty Freight ADMITS Aida Ramadanovic is entitled to recover from Liberty Freight reasonable and necessary medical expenses incurred in the past as a result of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

Liberty Freight ADMITS Aida Ramadanovic is entitled to recover from Liberty Freight money for physical impairment as a result of the incident made the basis of this lawsuit.

**RESPONSE:**

CC-20-00120-D

CAUSE NO. _____

| | | |
|---|---|---|
| **AIDA RAMADANOVIC,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **AT LAW NO. ___** |
| **CONSTANTINO REYES, LIBERTY** | § | |
| **FREIGHT CO., INC. and GOVERNMENT** | § | |
| **EMPLOYEES INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY

**TO:** Government Employees Insurance Company, c/o Gregory Jacobi, 4201 Spring Valley Road, Dallas, Texas 75244.

COMES NOW AIDA RAMADANOVIC, as Plaintiff in the above-captioned cause of action, and pursuant to Rules 196, 197, and 198 of the Texas Rules of Civil Procedure, serves the foregoing First Set of Interrogatories, First Request for Production and Request for Admissions upon Defendant Government Employees Insurance Company ("GEICO").

Respectfully submitted,

**FRENKEL & FRENKEL, L.L.P.**
12700 Park Central Drive, Suite 1900
Dallas, Texas  75251-1508
(214) 333-3333
(214) 265-9360 [telecopier]
aaron@frenkelfirm.com [e-mail]

By: ___/S/ Aaron C. Spahr_____
    Aaron C. Spahr
    State Bar No. 00794674

COUNSEL FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

This is to certify, pursuant to Rule 21a of the Texas Rules of Civil Procedure, that a true and correct copy of *Plaintiff's Written Discovery to Defendant Government Employees Insurance Company* was served upon GEICO via Hand-Delivery, contemporaneously with the service of Plaintiff's Original Petition upon Defendant.

Government Employees Insurance Company
c/o Gregory Jacobi
4201 Spring Valley Road
Dallas, Texas 75244

By:   */S/ Aaron C. Spahr*
      Aaron C. Spahr

## FIRST INTERROGATORIES

**INTERROGATORY NO. 1:**        If Defendant Insurer contends that Plaintiff did not comply with any provisions of The Insurance Policy to bring this lawsuit against Defendant Insurer, specifically identify each provision of The Insurance Policy, and state the basis of such contention.

**ANSWER:**


**INTERROGATORY NO. 2:**        If you contend that Constantino Reyes and Liberty Freight were not underinsured motorists at the time of the collision which forms the basis of this lawsuit, please provide the following information:

      A.        Identify each liability bond and/or insurance policies which may provide liability coverage to Constantino Reyes and Liberty Freight by stating the name, address, telephone number of each insurer/bond company which may insure or bond Constantino Reyes and Liberty Freight for any damages sustained by Plaintiff in the collision which forms the basis of this lawsuit and include the policy number, claim number and amount of coverage you contend is or was available under each such policy to cover Plaintiff s claims.

      B.        Provide any additional factual basis for your contentions, if any, that Constantino Reyes and Liberty Freight do not qualify as an "underinsured motorist."

**ANSWER:**


**INTERROGATORY NO. 3:**        Does Defendant Insurer contend that Plaintiff was negligent or contributed to the cause of the car wreck made the basis of this case?

**ANSWER:**


**INTERROGATORY NO. 4:**        Provide a brief, general explanation of Defendant Insurer's contentions of the injuries, if any, which Defendant Insurer contends that Plaintiff sustained as a result of the collision which forms the basis of this lawsuit. If the Defendant Insurer contends that Plaintiff was not injured at all, then state "none" in your answer to indicate your contention.

**ANSWER:**


**INTERROGATORY NO. 5:**        For each element of damage listed below, please state the amount, if any, of compensation Defendant Insurer contends would fairly and reasonably compensate Plaintiff for the injuries sustained as a result of the collision which forms the underlying basis of this lawsuit

a. Reasonable expenses of necessary medical care in the past:        _____

b. Loss of earning capacity in the past        _____

c. Physical pain and suffering and mental anguish in the past        _____

d. Physical impairment in the past.        _____

e. Out of pocket expenses in the past.        _____

**ANSWER:**

**INTERROGATORY NO. 6:**        In addition to the damages, if any, listed by Defendant Insurer in Answer to the previous Interrogatory, do you acknowledge that The Insurance Policy will also pay Plaintiff's damages, if any, that will, in reasonable probability, be incurred in the future, which are related to the collision which forms the underlying basis of this lawsuit.

If your answer is "Yes," for each element of damage listed below please state the amount, if any, of compensation Defendant Insurer contends Plaintiff will, in reasonable probability incur in the future which are related to the collision which forms the underlying basis of this lawsuit.

a. Reasonable expenses of necessary medical care in the future:        _____

b. Loss of earning capacity in the future:        _____

c. Physical pain and suffering and mental anguish in the future:        _____

d. Physical impairment in the future:        _____

e. Out of pocket expenses in the future:.        _____

**ANSWER:**

**INTERROGATORY NO. 7:**        If Defendant Insurer contends that the injuries or damages alleged by Plaintiff were caused, in whole or in part, by an event other than the collision which forms the basis of this lawsuit, please identify each such alleged event by date and generally describe each such event or occurrence by category such as "Motor Vehicle Collision;" "Slip and Fall;" "Trip and Fall;" "On-The-Job Injury" or other general category of incident or description.

**ANSWER:**

## FIRST REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   Please produce a copy of the entire insurance policy number 4293-31-35-26, including, but not limited to all endorsements, riders, exclusions, coverage sheets and declaration pages.

**REQUEST FOR PRODUCTION NO. 2:**   Please produce a copy of the entire insurance claims file prepared prior to the date of the filing of this lawsuit.

**REQUEST FOR PRODUCTION NO. 3:**   Please produce a copy of the non-privileged portions of the insurance claims file prepared prior to the date on which Defendant contends it reasonably anticipated litigation on this Claim.

**REQUEST FOR PRODUCTION NO. 4:**   Please produce a copy of all documents which Defendant contends support each of its contentions that it reasonably anticipated litigation on this Claim.

**REQUEST FOR PRODUCTION NO. 5:**   Please produce all documents, if any, which support any contention by Defendant that:

    A.    The Insurance Policy was not in effect at the time of the occurrence; or
    B.    The Insurance Policy had been cancelled for any reason at the time of the occurrence; or
    C.    Plaintiff has not complied with any provision or part of The Insurance Policy in making the claims which form the basis of this lawsuit; or
    D.    There is no coverage for any part or all of Plaintiff's claims against Defendant.

**REQUEST FOR PRODUCTION NO. 6:**   Produce a copy of all documents which evidence the date and the amounts paid by Defendant on this Claim or any part of this Claim.

**REQUEST FOR PRODUCTION NO. 7:**   Please produce a copy of all settlement offers made by or on behalf of Defendant to Aida Ramadanovic regarding this Claim.

**REQUEST FOR PRODUCTION NO. 8:**   A copy of all 911 tapes or transcripts regarding this Claim.

**REQUEST FOR PRODUCTION NO. 9:**   Please produce a copy of all documents and correspondence between Defendant and Plaintiff's medical providers.

**REQUEST FOR PRODUCTION NO. 10:**    Please produce a copy of all documents and correspondence between Defendant and Plaintiff's employers.

**REQUEST FOR PRODUCTION NO. 11:**    Please produce a copy of any and all police reports and other governmental reports concerning this Claim and/or Plaintiff.

**REQUEST FOR PRODUCTION NO. 12:**    Please produce a color copy of all videotapes, photographs, or electronic images depicting:

      a.     Plaintiff;
      b.     Any other person involved in the occurrence;
      c.     The occurrence and/or scene of the occurrence;
      d.     Re-enactments or re-creations of the occurrence;
      e.     Any tangible instrumentalities involved in the occurrence which forms the basis of this lawsuit; and
      f.     All property damaged in the occurrence which forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 13:**    Please produce a color copy of all videotapes, photographs, or electronic images depicting any real or personal property owned or occupied by Plaintiff which was involved in the Claim.

**REQUEST FOR PRODUCTION NO. 14:**    Please produce a copy of all documents evidencing the cost to repair property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 15:**    Please produce a copy of all documents, or other materials used by Defendant to determine the value of or costs to repair or to replace any property that was or is alleged to have been damaged or destroyed as a result of the occurrence which forms the basis of this lawsuit

**REQUEST FOR PRODUCTION NO. 16:**    Other than the photographs, videotapes or electronic images produced by Defendant in response to the above listed Requests for Production, please produce a color copy of any and all photographs, videotapes, electronic images and/or diagrams which concern any issues raised by the pleadings in this case.

**REQUEST FOR PRODUCTION NO. 17**:    Please produce a copy of all medical, employment and insurance records regarding Plaintiff that Defendant has obtained through the use of any authorization provided to Defendant by Plaintiff.

**REQUEST FOR PRODUCTION NO. 18**:    Please produce a copy of all medical, employment, and insurance records regarding Plaintiff that Defendant has obtained through any subpoena or any deposition.

**REQUEST FOR PRODUCTION NO. 19:**    A copy of all Southwest Index Bureau a/k/a SWIB reports regarding this Claim or Plaintiff.

**REQUEST FOR PRODUCTION NO. 20:**    A copy of all Examinations Under Oath pertaining to this Claim.

**REQUEST FOR PRODUCTION NO. 21:**    Please produce a copy of all statements of Plaintiff, as well as any statements of any party to this lawsuit and any person with knowledge of relevant facts, specifically including but not limited to Constantino Reyes and Liberty Freight, which have not been produced by Defendant in response to Plaintiff's Request for Disclosure.

**REQUEST FOR PRODUCTION NO. 22:**    Pursuant to Rule 609(f) of the Texas Rules of Civil Evidence, please produce a copy of all records of any convictions of Plaintiff and any person with knowledge of relevant facts, including but not limited to such information regarding Constantino Reyes and Liberty Freight.

**REQUEST FOR PRODUCTION NO. 23:**    Please produce a copy of any and all estimates, invoices, or other documents pertaining to the cost of damage sustained by all vehicles involved in the collision in question.

**REQUEST FOR PRODUCTION NO. 24:**    In the event Defendant contends that any vehicle involved in the occurrence was defective or that the mechanical condition of any object or vehicle caused or in any way contributed to the cause of the occurrence in question, please produce a copy of any and all documents reflecting such defects, as well as all repair and/or maintenance records to such objects and vehicles from one (1) year prior to the incident in question to present, as well as all records concerning the alleged defective condition(s) which caused or contributed to the cause of the collision in question.

**REQUEST FOR PRODUCTION NO. 25:**    Produce a copy of all documents which form the basis of any contention that Plaintiff was negligent or otherwise caused or contributed to the incident which forms the underlying basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 26:** Produce a copy of all documents which provide a description of any "Jane Doe" and "John Doe," and "Responsible Third Party" if any, whose identity is allegedly unknown but whom Defendant contends caused or contributed to the harm for which a recovery has been sought in this matter.

**REQUEST FOR PRODUCTION NO. 27:** Produce a copy of all documents which provide a description of the facts, if any, which form the basis of any contentions, if any, that the occurrence which forms the basis of this lawsuit was caused in whole or in part by any "Jane Doe" and "John Doe," persons whose identity is allegedly unknown but whom Defendant contends caused or contributed to the harm for which a recovery has been sought in this matter.

**REQUEST FOR PRODUCTION NO. 28:** In the event the carrier of any pertinent policies has settled any claims of any other person(s) as a result of this occurrence which has or which may reduce the amount of coverages available to compensate Plaintiff, please produce a copy of each settlement agreement or other document reflecting that other claims have been settled or reductions have been taken or may be taken against the amount of policy limits originally available under the policy(s).

**REQUEST FOR PRODUCTION NO. 29:** In the event the claim is being handled by the insurance carrier on a reservation of rights, please produce a copy of any and all communications from the carrier relevant to such reservation.

**REQUEST FOR PRODUCTION NO. 30:** In the event the pertinent policies are aggregate policies and the annual aggregates have been reduced, please produce a copy of any and all settlement documents and/or agreements relevant to the payment of such claims, reducing such aggregates.

**REQUEST FOR PRODUCTION NO. 31:** In the event the carrier of any pertinent policies has given Defendant Insurer notice of financial impairment or potential financial impairment, please produce a copy of any and all written communications from the carrier relevant to such notice.

**REQUEST FOR PRODUCTION NO. 32:** Please produce a copy of any and all checks paid by or on behalf of Defendant to Plaintiff as a result of the occurrence in question.

**REQUEST FOR PRODUCTION NO. 33:** Please produce a copy of any and all exhibits, models, visual aids, experiments, documents, or other writings or any item of demonstrative evidence that will be used in the trial of this lawsuit.

**REQUEST FOR PRODUCTION NO. 34:**     Please produce a copy of the first written notice of this Claim received by Defendant.

**REQUEST FOR PRODUCTION NO. 35:**     Please produce a copy of all documents and correspondence between Defendant and Aida Ramadanovic regarding this Claim from the time when Defendant first received written notice of this Claim through the date of the filing of this lawsuit.

**REQUEST FOR PRODUCTION NO. 36:**     Pursuant to 542.055 of the **Texas Insurance Code**, please produce a copy of all written acknowledgments of this Claim sent by or on behalf of Defendant to Aida Ramadanovic.

**REQUEST FOR PRODUCTION NO. 37:**     Pursuant to 542.055 of the **Texas Insurance Code**, if the acknowledgment of this Claim was not made in writing, produce a copy of all documents which the Defendant contends make a record of the date, means, and content of the acknowledgment of this Claim.

**REQUEST FOR PRODUCTION NO. 38:**     Pursuant to 542.055 of the **Texas Insurance Code**, please produce a copy of all documents which evidence when and what investigation was commenced by Defendant regarding this Claim.

**REQUEST FOR PRODUCTION NO. 39:**     Pursuant to 542.055 of the **Texas Insurance Code**, please produce a copy of all documents in which Defendant requested from Aida Ramadanovic all items, statements, and forms that the Defendant believed would be required from the claimant to process this Claim.

**REQUEST FOR PRODUCTION NO. 40:**     Produce a copy of all documents which Defendant contends evidence the date on which the Defendant received all items, statements, and forms required by the Defendant in order to secure final proof of loss.

**REQUEST FOR PRODUCTION NO. 41:**     Pursuant to 542.055 of the **Texas Insurance Code**, produce a copy of all documents in which Defendant contends it notified Aida Ramadanovic in writing of the acceptance or rejection of this claim not later than the 15th business day after the date the Defendant received all items, statements, and forms required by the Defendant, in order to secure final proof of loss.

**REQUEST FOR PRODUCTION NO. 42:**     Produce a copy of all documents which evidence a rejection of this Claim or any portion thereof.

**REQUEST FOR PRODUCTION NO. 43:**     If the Defendant contends it has rejected this Claim or any portion thereof, produce a copy of all documents which Defendant contends constitute written notice given by Defendant to Aida Ramadanovic which state the reasons for the rejection of this Claim.

**REQUEST FOR PRODUCTION NO. 44:**     If the Defendant contends it was or is unable to accept or reject this Claim, produce a copy of all documents in which Defendant notified Aida Ramadanovic of the reasons that the Defendant needs additional time.

**REQUEST FOR PRODUCTION NO. 45:**     Pursuant to 545.055 of the **Texas Insurance Code**, if the Defendant contends it was or is unable to accept or reject this Claim, produce a copy of all documents in which Defendant accepted or rejected this Claim not later than the 45th day after the date on which Defendant notified a claimant of the need for additional time.

**REQUEST FOR PRODUCTION NO. 46:**     Produce a copy of all documents in which Defendant contends it notified Aida Ramadanovic that it will pay this Claim or part of this Claim.

**REQUEST FOR PRODUCTION NO. 47:**     If Defendant contends that payment of this Claim or part of this Claim is or was conditioned on the performance of an act by the claimant, please produce a copy of all documents evidencing or describing the conditions and/or acts required before payment of this Claim or part of this Claim would or could be made.

**REQUEST FOR PRODUCTION NO. 48:**     Please produce a copy of all internet pages and internet advertisements and other advertisements used by the Defendant in Dallas County, Texas to sell insurance products and policies which are the same or substantially similar to policy number 4293-31-35-26 during the time that The Insurance Policy was purchased and has been in effect and for the 1 year period of time immediately prior thereto, which make statements regarding:

    A.    The service insured persons can expect from Defendant Insurer on claims they make on their policies with Defendant Insurer; or

    B.    Fair treatment of insured persons.

**REQUEST FOR PRODUCTION NO. 49:**     Please produce a copy of all documents which Defendant contends support the basis of its decisions not to pay the amount demanded by Plaintiff in settlement of the claims made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 50:**      For each and every expert witness that Defendant has specially employed in the ordinary course of business (including its agents, representatives, employees and vice-principals), please produce a copy of the following items in Defendant's possession, custody or control:

(a)     All tests, photographs, movies and/or videotapes, films and/or image-recording films of any nature, diagrams, sketches, graphs, computer-assisted calculations and recreations and/or models and mock-ups generated by or provided to the expert relevant to his/her involvement in the instant case and/or relevant to the testimony he/she may give at trial;

(b)     For any consulting expert whose work product has been reviewed by an expert who may testify on your behalf at trial, please similarly provide all the items requested above and below;

(c)     Documents concerning monies paid or to be paid to such experts related to this cause of action;

(d)     Documents, including correspondence, relating to the date and/or circumstances on which such expert was retained in this cause of action;

(e)     Reports and depositions given by such expert in which such expert was retained by or on behalf of Defendant or by counsel for Defendant in personal injury cases other than the one made the basis of this suit;

(f)     All documents, tests, or reports reviewed by such expert in formulating his/her opinion(s) in this case.

<u>**FIRST REQUEST FOR ADMISSIONS**</u>

**REQUEST FOR ADMISSION NO. 1.**
At the time of the occurrence which forms the basis of this lawsuit, Aida Ramadanovic was insured under a policy of insurance with Defendant Insurer which contained coverage for Uninsured/Underinsured Motorist coverage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2.**
At the time of the occurrence which forms the basis of this lawsuit, The Insurance Policy contained $30,000.00 per person coverage for Uninsured/Underinsured Motorist benefits for bodily injury damages.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3.**
Admit that an underinsured motor vehicle is one to which a liability bond or policy applies at the time of the accident but its limit of liability either:

      a.     is not enough to pay the full amount the **covered person** is legally entitled to recover as damages; or

      b.     has been reduced by payment of claims to an amount which is not enough to pay the full amount the **covered person** is legally entitled to recover as damages.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4.**
Admit at the time of the occurrence which forms the basis of this lawsuit, Aida Ramadanovic was a named insured under The Insurance Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5.**
Admit at the time of the occurrence which forms the basis of this lawsuit, Plaintiff was a **covered person** under The Insurance Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6.**

Admit that the motor vehicle collision which forms the basis of this lawsuit constitutes an "accident" as defined by The Insurance Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7.**

Admit that Plaintiff promptly notified Defendant Insurer of the incident which forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8.**

Admit that under the terms of The Insurance Policy, an "**Underinsured motor vehicle**" means a land motor vehicle or trailer of any type,

    (1)    to which no bodily injury liability bond or policy applies at the time of the accident.

    (2)    Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:

        a.    you or any **family member**;
        b.    a vehicle which you or any **family member** are **occupying**; or
        c.    **your covered auto**

    (3)    To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

        a.    denies coverage; or
        b.    is or becomes insolvent.

    (4)    Which is an underinsured motor vehicle. An underinsured motor vehicle is one to which a liability bond or policy applies at the time of the accident but its limit of liability either:

        a.    is not enough to pay the full amount the **covered person** is legally entitled to recover as damages; or
        b.    has been reduced by payment of claims to an amount which is not enough to pay the full amount the **covered person** is legally entitled to recover as damages.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9.**

Admit that at the time of the occurrence which forms the basis of this lawsuit, The Insurance Policy with Defendant Insurer contained coverage for Uninsured/Underinsured Motorist benefits which represents it will pay for damages which a **covered person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of bodily injury sustained by a **covered person**, or **property damage**, caused by an accident.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 10.**

Admit that Plaintiff complied with all of his duties to Defendant Insurer under The Insurance Policy which relate to the claims made the basis of this lawsuit.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 11.**

Admit that Defendant Insurer is not contending that Plaintiff did not comply with any of his duties owed to Defendant Insurer under the Insurance Policy which relate to the claims made the basis of this lawsuit.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 12.**

Admit at the time of the occurrence which forms the basis of this lawsuit, Defendant Insurer believes that Plaintiff was occupying a "covered auto" as that term is defined by The Insurance Policy in effect at the time of the occurrence which forms the basis of this lawsuit.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 13.**

Admit at the time of the occurrence which forms the basis of this lawsuit, The Insurance Policy which contained coverage for Uninsured/Underinsured Motorist benefits is policy number 4293-31-35-26.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 14.**

Admit at the time of the occurrence which forms the basis of this lawsuit, The Insurance Policy was in force and in effect.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15.**
Admit at the time of the occurrence which forms the basis of this lawsuit, The Insurance Policy had not been cancelled.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 16.**
Admit at the time of the occurrence which forms the basis of this lawsuit, all applicable premiums for The Insurance Policy had been paid.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 17.**
Admit that Constantino Reyes' and Liberty Freight's negligence proximately caused the motor vehicle collision which forms the underlying basis of this lawsuit.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 18.**
Admit that Defendant Insurer does not contest Plaintiff's contention that Constantino Reyes' and Liberty Freight's negligence proximately caused the motor vehicle collision which forms the underlying basis of this lawsuit.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 19.**
Admit that Constantino Reyes' and Liberty Freight's negligence was the sole proximate cause of the motor vehicle collision which forms the underlying basis of this lawsuit.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 20.**
Admit that Defendant Insurer does not contest Plaintiff's contention that Constantino Reyes' and Liberty Freight's negligence was the sole proximate cause of the motor vehicle collision which forms the underlying basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21.**
Admit that Defendant Insurer has no evidence that Plaintiff was negligent and proximately caused the motor vehicle collision which forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22.**
Admit that Defendant Insurer believes that Plaintiff was injured as a result of the motor vehicle collision which forms the underlying basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23**.
Admit that Defendant Insurer believes it was appropriate for Plaintiff to seek medical care as a result of the motor vehicle collision which forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24.**
Admit that Constantino Reyes and Liberty Freight failed to exercise that degree of care and caution which would have been exercised by persons of ordinary prudence in failing to keep a proper lookout at the time of the collision which forms the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25.**
Admit that Constantino Reyes and Liberty Freight failed to exercise that degree of care and caution which would have been exercised by persons of ordinary prudence in failing to make timely application of the brakes at the time of the collision which forms the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26.**
Admit that Constantino Reyes and Liberty Freight failed to exercise that degree of care and caution which would have been exercised by persons of ordinary prudence in driving at an excessive rate of speed under the circumstances and conditions there and then existing at the time of the collision which forms the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27.**
Admit that Constantino Reyes' and Liberty Freight's acts and omissions constituted negligence and were a proximate cause of the Plaintiff's damages arising out of the incident at the time of the collision which forms the basis of this suit.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 28.**
Admit that as a result of the actions of Constantino Reyes and Liberty Freight made the basis of this suit, Aida Ramadanovic sustained injury causing pain and suffering in the past, present, and future and caused Aida Ramadanovic to incur necessary and reasonable medical expenses.

**RESPONSE:**

# EXHIBIT "E"

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-20-00120-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

**CONSTANTINO REYES**
**1064 SANDUNE DRIVE**
**NORCROSS GA  30093**
**OR WHEREVER HE MAY BE FOUND**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY, a default judgment may be taken against you."  Your answer should be addressed to the clerk of  County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**AIDA RAMADANOVIC**
*Plaintiff(s)*

**VS.**

**CONSTANTINO REYES; LIBERTY FREIGHT CO., INC.; GOVERNMENT EMPLOYEES**
**INSURANCE**
*Defendant(s)*

filed in said Court on the 7th day of January, 2020a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 9th day of January, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk



By _____ , Deputy
Lupe Perez

---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY**

**CC-20-00120-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

AIDA RAMADANOVIC, *Plaintiff(s)*

**VS.**

CONSTANTINO REYES; LIBERTY FREIGHT CO., INC.; GOVERNMENT EMPLOYEES INSURANCE, *Defendant(s)*

**SERVE:**
**CONSTANTINO REYES**
**1064 SANDUNE DRIVE**
**NORCROSS GA  30093**
**OR WHEREVER HE MAY BE FOUND**

**ISSUED THIS**
**9TH DAY OF JANUARY, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: LUPE PEREZ, DEPUTY

Attorney for Plaintiff

AARON C SPAHR
FRENKEL & FRENKEL LLP
12700 PARK CENTRAL DRIVE SUITE 1900
DALLAS  TX  75251
214-333-3333

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-20-00120-D  County Court at Law No. 4

AIDA RAMADANOVIC vs. CONSTANTINO REYES, LIBERTY FREIGHT CO., INC., GOVERNMENT EMPLOYEES INSURANCE

**ADDRESS FOR SERVICE:**
1064 SANDUNE DRIVE
NORCROSS GA  30093
OR WHEREVER HE MAY BE FOUND
**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to CONSTANTINO REYES in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:
_____

Serving Petition and Copy          $_____     _____, Officer

Total     $_____          _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT "F"

# THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-20-00120-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

**LIBERTY FREIGHT CO., INC.**
**SERVE REGISTERED AGENT TAMELA R COSTAULAS**
**13427 1/2 PUMICE STREET**
**NORWALK CA  90650**
**OR WHEREVER IT MAY BE FOUND**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY, a default judgment may be taken against you."   Your answer should be addressed to the clerk of  County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**AIDA RAMADANOVIC**
*Plaintiff(s)*

**VS.**

**CONSTANTINO REYES; LIBERTY FREIGHT CO., INC.; GOVERNMENT EMPLOYEES INSURANCE**
*Defendant(s)*

filed in said Court on the 7th day of January, 2020a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 9th day of January, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Lupe Perez_, Deputy
Lupe Perez



| ATTORNEY |
| --- |
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY** |

## CC-20-00120-D

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
**Dallas County, Texas**

AIDA RAMADANOVIC, *Plaintiff(s)*

**VS.**

CONSTANTINO REYES; LIBERTY FREIGHT CO., INC.; GOVERNMENT EMPLOYEES INSURANCE, *Defendant(s)*

**SERVE:**
**LIBERTY FREIGHT CO., INC.**
**SERVE REGISTERED AGENT**
**TAMELA R COSTAULAS**
**13427 1/2 PUMICE STREET**
**NORWALK CA  90650**
**OR WHEREVER IT MAY BE FOUND**

**ISSUED THIS**
**9TH DAY OF JANUARY, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: LUPE PEREZ, DEPUTY

Attorney for Plaintiff

AARON C SPAHR
FRENKEL & FRENKEL LLP
12700 PARK CENTRAL DRIVE SUITE 1900
DALLAS  TX  75251
214-333-3333

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-20-00120-D  County Court at Law No. 4

AIDA RAMADANOVIC vs. CONSTANTINO REYES, LIBERTY FREIGHT CO., INC., GOVERNMENT EMPLOYEES INSURANCE

**ADDRESS FOR SERVICE:**
SERVE REGISTERED AGENT TAMELA R COSTAULAS
13427 1/2 PUMICE STREET
NORWALK CA  90650
OR WHEREVER IT MAY BE FOUND
**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock_____.m., and executed in _____County, Texas by delivering to LIBERTY FREIGHT CO., INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy     $_____     _____, Officer

Total     $_____          _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT "G"

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-20-00120-D**
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

**GOVERNMENT EMPLOYEES INSURANCE**
**SERVE REGISTERED AGENT GREGORY JACOBI**
**4201 SPRING VALLEY ROAD**
**DALLAS TX 75244**
**OR WHEREVER IT MAY BE FOUND**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY, a default judgment may be taken against you."   Your answer should be addressed to the clerk of  County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**AIDA RAMADANOVIC**
*Plaintiff(s)*

**VS.**

**CONSTANTINO REYES; LIBERTY FREIGHT CO., INC.; GOVERNMENT EMPLOYEES INSURANCE**
*Defendant(s)*

filed in said Court on the 7th day of January, 2020a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 9th day of January, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Lupe Perez_ , Deputy
Lupe Perez



NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY**

**CC-20-00120-D**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

AIDA RAMADANOVIC, *Plaintiff(s)*

**VS.**

CONSTANTINO REYES; LIBERTY FREIGHT CO., INC.; GOVERNMENT EMPLOYEES INSURANCE, *Defendant(s)*

**SERVE:**
**GOVERNMENT EMPLOYEES INSURANCE**
**SERVE REGISTERED AGENT**
**GREGORY JACOBI**
**4201 SPRING VALLEY ROAD**
**DALLAS TX 75244**
**OR WHEREVER IT MAY BE FOUND**

**ISSUED THIS**
**9TH DAY OF JANUARY, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: LUPE PEREZ, DEPUTY

Attorney for Plaintiff

AARON C SPAHR
FRENKEL & FRENKEL LLP
12700 PARK CENTRAL DRIVE SUITE 1900
DALLAS  TX  75251
214-333-3333

## OFFICER'S RETURN

CC-20-00120-D  County Court at Law No. 4

AIDA RAMADANOVIC vs. CONSTANTINO REYES, LIBERTY FREIGHT CO., INC., GOVERNMENT EMPLOYEES INSURANCE

**ADDRESS FOR SERVICE:**
SERVE REGISTERED AGENT GREGORY JACOBI
4201 SPRING VALLEY ROAD
DALLAS TX  75244
OR WHEREVER IT MAY BE FOUND
**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to GOVERNMENT EMPLOYEES INSURANCE in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY with the date and service at the following times and places to-wit:

**Name**                                 **Date/Time**                      **Place, Course and Distance from Courthouse**

_____

_____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy          $_____          _____, Officer

Total     $_____                    _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT "H"



# COUNTY COURT AT LAW NO. 4
### GEORGE L. ALLEN, SR. COURTS BUILDING
### 600 COMMERCE STREET, 5TH FLOOR
### DALLAS, TEXAS 75202
### 214-653-7345

Chambers of JUDGE PAULA M. ROSALES                    **January 09, 2020**

AARON C SPAHR
FRENKEL & FRENKEL LLP
12700 PARK CENTRAL DRIVE SUITE 1900
DALLAS          TX  75251

Cause No.      CC-20-00120-D
Cause Style:    AIDA RAMADANOVIC vs. CONSTANTINO REYES, LIBERTY FREIGHT
CO., INC., GOVERNMENT EMPLOYEES INSURANCE

Dear Attorney:

The above case is set for dismissal, pursuant to Rule 165a, Texas Ruled of Civil Procedure on:
**04/27/2020 @ 9:00 AM**.

If no answer has been filed, or if the answer filed is insufficient as a matter of law to place any facts
alleged in your petition in issue, you will be expected to have moved for, and to have heard , a
summary judgment or to have proved up a default order on or prior to that date.

If an answer has been filed that is sufficient to create a fact issue that prevents disposition of the entire
case, or if you have been unable to obtain service of process, you should plan to appear to obtain a
reset of the dismissal date or a trial setting as appropriate.

In no event will live witnesses be required unless the default prove-up is for an unliquidated claim.
Liquidated claims and attorneys fees may be proved up by affidavit submitted with a form of
judgment.

If you should have any questions, please feel free to call us.

                              Very Truly Yours,

                              PAULA M. ROSALES
                              Judge Presiding

# EXHIBIT "I"

FILED
1/16/2020 4:59 PM
JOHN F. WARREN
Electronically Served
COUNTY CLERK
1/9/2020 1:08 PM
DALLAS COUNTY

# THE STATE OF TEXAS
# CITATION

CAUSE NO. CC-20-00120-D
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

**GOVERNMENT EMPLOYEES INSURANCE**
**SERVE REGISTERED AGENT GREGORY JACOBI**
**4201 SPRING VALLEY ROAD**
**DALLAS TX 75244**
**OR WHEREVER IT MAY BE FOUND**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**AIDA RAMADANOVIC**
*Plaintiff(s)*

**VS.**

**CONSTANTINO REYES; LIBERTY FREIGHT CO., INC.; GOVERNMENT EMPLOYEES**
**INSURANCE**
*Defendant(s)*

filed in said Court on the 7th day of January, 2020a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 9th day of January, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Lupe Perez_, Deputy
Lupe Perez



---

| ATTORNEY |
|---|
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY** |

## CC-20-00120-D

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

AIDA RAMADANOVIC, *Plaintiff(s)*

vs.

CONSTANTINO REYES; LIBERTY
FREIGHT CO., INC.; GOVERNMENT
EMPLOYEES INSURANCE, *Defendant(s)*

**SERVE:**
**GOVERNMENT EMPLOYEES INSURANCE**
**SERVE REGISTERED AGENT**
**GREGORY JACOBI**
**4201 SPRING VALLEY ROAD**
**DALLAS TX 75244**
**OR WHEREVER IT MAY BE FOUND**

**ISSUED THIS**
**9TH DAY OF JANUARY, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: LUPE PEREZ, DEPUTY

Attorney for Plaintiff

AARON C SPAHR
FRENKEL & FRENKEL LLP
12700 PARK CENTRAL DRIVE SUITE 1900
DALLAS TX 75251
214-333-3333

**NO OFFICER'S FEES HAVE BEEN**
**COLLECTED BY DALLAS COUNTY CLERK**

## OFFICER'S RETURN

CC-20-00120-D   County Court at Law No. 4

AIDA RAMADANOVIC vs. CONSTANTINO REYES, LIBERTY FREIGHT CO., INC., GOVERNMENT EMPLOYEES INSURANCE

**ADDRESS FOR SERVICE:**
SERVE REGISTERED AGENT GREGORY JACOBI
4201 SPRING VALLEY ROAD
DALLAS TX  75244
OR WHEREVER IT MAY BE FOUND
**Fees:**
Came to hand on the 1 0 day of January, 20 20 , at 12 o'clock p .m., and executed in Dallas County, Texas by delivering to GOVERNMENT EMPLOYEES INSURANCE in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY with the date and service at the following times and places to-wit:

| Name | Date/Time | | Place, Course and Distance from Courthouse |
|---|---|---|---|
| Government Employees Insurance, RA - Gregory Jacobi | 1/13/20 | 12.02 pm | 2280 N Greenville, Richardson TX? |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy     $ _____     Ebifegha Akangbou ~~Officer~~

Total  $ 75     PSC 14397 exp 3/31/20 ~~County, Texas~~

Ebifegha Akangbou
SWORN TO AND SUBSCRIBED BEFORE ME

By: _____, ~~Deputy~~

_____, Affiant

ON THIS 5th DAY OF Jan 20 20

X _____

DAISY GARCIA
Notary Public, State of Texas
Comm. Expires 10-03-2022
Notary ID 131747948

### INTEROFFICE MEMORANDUM

| | |
|---|---|
| TO: | HUMAN RESOURCES |
| FROM: | DAN BEACOM |
| SUBJECT: | AUTHORIZATION TO RECEIVE LEGAL DOCUMENTS |
| DATE: | 8/5/2019 |

This memorandum is to give Chantal Casillas authority to receive documents for Dan Beacom, Regional Vice President, in his absence.

Sincerely,

Dan Beacom
Regional Vice President

# EXHIBIT "J"

FILED
1/24/2020 10:14 AM
JOHN F. WARREN
Electronically Submitted
COUNTY CLERK
1/9/2020 DALLAS COUNTY

# THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-20-00120-D
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

**TO:**

**LIBERTY FREIGHT CO., INC.**
**SERVE REGISTERED AGENT TAMELA R COSTAULAS**
**13427 1/2 PUMICE STREET**
**NORWALK CA 90650**
**OR WHEREVER IT MAY BE FOUND**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**AIDA RAMADANOVIC**
*Plaintiff(s)*

**VS.**

**CONSTANTINO REYES; LIBERTY FREIGHT CO., INC.; GOVERNMENT EMPLOYEES INSURANCE**
*Defendant(s)*

filed in said Court on the 7th day of January, 2020a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 9th day of January, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Lupe Perez_ , Deputy
Lupe Perez



## ATTORNEY
### CITATION
**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY**

### CC-20-00120-D

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

AIDA RAMADANOVIC, *Plaintiff(s)*

VS.

CONSTANTINO REYES; LIBERTY
FREIGHT CO., INC.; GOVERNMENT
EMPLOYEES INSURANCE, *Defendant(s)*

**SERVE:**
**LIBERTY FREIGHT CO., INC.**
**SERVE REGISTERED AGENT**
**TAMELA R COSTAULAS**
**13427 1/2 PUMICE STREET**
**NORWALK CA 90650**
**OR WHEREVER IT MAY BE FOUND**

**ISSUED THIS**
**9TH DAY OF JANUARY, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: LUPE PEREZ, DEPUTY

Attorney for Plaintiff

AARON C SPAHR
FRENKEL & FRENKEL LLP
12700 PARK CENTRAL DRIVE SUITE 1900
DALLAS TX 75251
214-333-3333

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-20-00120-D County Court at Law No. 4

AIDA RAMADANOVIC vs. CONSTANTINO REYES, LIBERTY FREIGHT CO., INC., GOVERNMENT EMPLOYEES INSURANCE

**ADDRESS FOR SERVICE:**
SERVE REGISTERED AGENT TAMELA R COSTAULAS
13427 1/2 PUMICE STREET
NORWALK CA 90650
OR WHEREVER IT MAY BE FOUND
**Fees:**

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to LIBERTY FREIGHT CO., INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, RULE 193.7 NOTICE REQUEST FOR DISCLOSURE AND WRITTEN DISCOVERY with the date and service at the following times and places to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Serving Petition and Copy   $_____   _____, Officer

Total   $_____   _____, County, Texas

Please see affidavit of service

By:_____, Deputy

_____, Affiant

**NO. CC-20-00120-D**

| | | |
|---|---|---|
| AIDA RAMAFANOVIC | * | IN THE  COUNTY COURT |
| | * | |
| | * | |
| | * | |
| VS. | * | AT LAW NUMBER 4 |
| | | |
| CONSTANTINO REYES, LIBERTY | * | |
| FREIGHT CO. INC., AND | * | |
| GOVERNMENT EMPLOYEES | * | |
| INSURANCE COMPANY, | * | DALLAS COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

"My name is _Kenneth Wright_. I am over the age of eighteen (18) years and I am fully competent to testify to matters stated in this affidavit. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct. I am an authorized person to serve process in the state of California. I am not a party to the plaintiff or the defendant in the matter, and am competent to make oath of the facts stated below."

Came to hand on the **17th** day of **January, 2020** at **3:00** o' clock **P.M.**

Executed at **13427 1/2 Pumice Street, Norwalk, CA 90650** within the

County of **Los Angeles** at **12:40** o'clock **P.M.** on the **20th** day of **January, 2020**

by delivering to the within named **Liberty Freight Co., Inc by serving register**

**agent Tamela R Costaulas in person**, a true copy of the **Plaintiff's Original**

**Petition, Jury Demand, Rule 193.7 Notice, Request for Disclosure and Written**

**Discovery with Citation Attached** having first endorsed on the same date of delivery.

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Kenneth W. Wright_, my date of birth is _4-24-62_, and my address
(First, Middle, Last)
is _1301 W 2nd ST Los Angeles #200 CA 90026_
(Street, City, State, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _LA_ County, State of _CA_, on the _22_ day of
_January_.

Declarant/Authorized Process Server
_20150/6035_  —  _4-30-21_
(Id # & expiration of certification)

Page 1 of 1

# EXHIBIT "K"

FILED
1/30/2020 10:13 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CAUSE NO.  CC-20-00120-D

| | | |
|---|---|---|
| **AIDA RAMADANOVIC** | § | **COUNTY COURT AT LAW** |
| | § | |
| **v.** | § | **NO. 4** |
| | § | |
| **CONSTANTINO REYES, LIBERTY** | § | **DALLAS COUNTY, TEXAS** |
| **FREIGHT CO., INC. AND** | § | |
| **GOVERNMENT EMPLOYEES** | | |
| **INSURANCE COMPANY** | | |

## DEFENDANT'S VERIFIED ORIGINAL ANSWER WITH SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant Government Employees Insurance Company ("Defendant") and files this Verified Original Answer and would respectfully show as follows:

### I. GENERAL DENIAL

In accordance with Rule 92, Texas Rules of Civil Procedure, Defendant generally denies all allegations in Plaintiff's Original Petition and Discovery Requests to Defendant and demands strict proof of every material issue of fact.

### II. SPECIAL EXCEPTIONS

Defendant Government Employees Insurance Company specially excepts to Plaintiff's Original Petition and Discovery Requests to Defendant ("Petition") as an improper use of the Texas Declaratory Judgment Act ("Act"). In the Petition, Plaintiff is attempting under the Act to obtain a judgment "declaring" that the tortfeasor was an underinsured motorist at the time of the accident, was liable for the accident, and that Plaintiff is legally entitled to receive UM/UIM benefits from Government Employees Insurance Company. See Plaintiff's Petition. In other words, Plaintiff is attempting to use the Act to determine the tortfeasor's potential tort liability and Plaintiff's alleged damages in seeking Uninsured/ Underinsured Motorists ("UM/UIM") coverage benefits under the Government Employees Insurance Company policy at issue.

DEFENDANT GEICO'S ORIGINAL ANSWER - PAGE 1 OF 7

Sensitivity: Confidential

However, while Texas requires that the tortfeasor's liability and Plaintiff's damages be first judicially determined prior to any obligation on GEICO County Mutual Insurance Company's part to pay UM/UIM benefits, under Texas law, the Act cannot be used to determine potential tort liability. *See K.M.S. Research Laboratories, Inc. v. Willingham,* 629 S.W.2d 173, 174 (Tex. App.-- Dallas 1982, no writ); *see also Brainard v. Trinity Universal Ins. Co.,* 216 S.W.3d 809, 818 (Tex. 2006) ("The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured legal entitlement to receive damages from a third party.  Unlike many first-party insurance contracts, in which policy alone dictates coverage, UIM insurance utilizes tort law to determine coverage.  Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.").  The Petition therefore fails to properly assert a claim under the Texas Declaratory Judgments Act.  Accordingly, Government Employees Insurance Company requests that its special exception be sustained and that Plaintiff be ordered to replead within a reasonable time, or have the Petition dismissed in its entirety.

## III. COMPARATIVE NEGLIGENCE-RESPONSIBILITY

Defendant would show that the negligence of Plaintiff and/or one or more third parties and/or one or more Co-Defendants was/were the sole, or a partial, proximate cause of the accident and the injuries and damages alleged by Plaintiff. Pursuant to Chapter 33, Texas Civil Practice and Remedies Code, Defendant invokes the doctrine of comparative responsibility and would show that Defendant is entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff and/or any third party and/or any Co-Defendant who/which caused, contributed or was responsible for this accident and the injuries and damages alleged by Plaintiff.

Sensitivity: Confidential

## IV. CONDITIONS PRECEDENT

Government Employees Insurance Company specifically denies that all conditions precedent necessary for recovery by Plaintiff under any policy of insurance issued by Government Employees Insurance Company have been met. Plaintiff has not shown he is entitled to recover uninsured/underinsured motorist benefits. Plaintiff has no claim for UM/UIM benefits under the Policy until he first establishes that he is legally entitled to recover from the tortfeasor(s). The Policy does not require Government Employees Insurance Company to pay UM or UIM benefits before the tortfeasor(s)' negligence and uninsured/underinsured status is determined. *State Farm Mut. Auto Ins. Co. v. Norris*, 216 S.W.3d 819, 822 (Tex.2006); *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818-19 (Tex.2006); *Henson v. Southern Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653-54 (Tex.2000).

## V. OFFSET or CREDIT

Government Employees Insurance Company is entitled to offset or credit in the amounts of the liability insurance amount of any tortfeasor who was responsible for the accident made the basis of this suit and Plaintiff's alleged injuries and damages, any other uninsured/underinsured policy of insurance issued by any other insurer to Plaintiff, and any money paid to, or on behalf of, Plaintiff for any medical payment or personal injury protection benefit.

## VI. PAID OR INCURRED MEDICAL EXPENSES LIMITATION

Defendant specifically contends, in accordance with Texas Civil Practice and Remedies Code §41.0105, as interpreted by the Texas Supreme Court in *Aaron Glenn Haygood, Petitioner v. Margarita Garza De Escabedo, Respondent*, 356 S.W.3d 390 (Tex. 2011), that recovery by Plaintiff of past medical or health care expenses, if any, incurred in the accident identified in

Sensitivity: Confidential

Plaintiff's pleadings is limited to amount(s) actually paid or incurred by, or on behalf of, the Plaintiff including amounts actually owed by Plaintiff.

## VII. LOSS OF EARNINGS

To the extent that the Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contribution of pecuniary value, evidence of this alleged loss must be presented by the Plaintiff in the form of a net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law, as required by Section 18.091 of the Texas Civil Practice & Remedies Code.

## VIII. PRE-EXISTING CONDITION

Defendant would show that Plaintiff had a medical condition which pre-existed this accident and that did not result from this accident. Defendant is not responsible for Plaintiff's medical condition and damages, if any, attributable to Plaintiff's pre-existing condition not caused by this accident.

## IX. T.R.C.P. 193.7

Pursuant to Texas Rules of Civil Procedure 193.7, Defendant will enter into evidence at the trial of this matter all documents produced to Defendant in Plaintiff's responses to discovery requests.

## X. TEXAS RULES OF EVIDENCE 609(f) REQUEST

Defendant requests that Plaintiff, pursuant to Texas Rules of Evidence 609(f), give Defendant sufficient advanced written notice of Plaintiff's intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

Sensitivity: Confidential

## XI. PROXIMATE CAUSE

Defendant's acts or omissions were not the proximate cause of Plaintiff's injuries, as Plaintiff did not sustain injury from the occurrence in question.

## XII. FAILURE TO MITIGATE DAMAGES

Defendant would show that Plaintiff failed to act as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating the injuries of Plaintiff, if any, that resulted from this accident and/or in failing to mitigate the damages, if any, of Plaintiff.

## XIII. SUBSEQUENT CONDITION

Defendant would show that Plaintiff had a medical condition that arose after this accident and that did not result from this accident. Defendant would show that she is not responsible for Plaintiff's damages that are caused by or attributable to Plaintiff's subsequent medical condition.

## XIV. JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a jury trial. The appropriate jury fee has been paid or will be paid to the clerk of the court within thirty (30) days in advance of the trial setting.

## PRAYER

WHEREFORE, premises considered, Defendant Government Employees Insurance Company prays that Plaintiff Shayla Green takes nothing, that Defendant Government Employees Insurance Company recover Defendant Government Employees Insurance Company's costs and such further relief, at law or in equity, to which Defendant Government Employees Insurance Company may be entitled.

Sensitivity: Confidential

recover its costs and such further relief, at law or in equity, to which it may be entitled.

Respectfully Submitted,

WENDY MCMILLON
State Bar #00790100
TRINA T. WILSON & ASSOCIATES
2280 North Greenville Avenue
Richardson, TX 75082-4412
Telephone: 972-855-6400
Fax: 972-855-6418
Email: wmcmillon@geico.com
ATTORNEY FOR DEFENDANT

<u>VERIFICATION</u>

BEFORE ME, the undersigned Notary Public, on this day, personally appeared Marki Anderson, examiner for GEICO, who, being by me duly sworn, said that each statement contained in paragraph D of the Defendant's Original Answer is true and correct based on information and belief.

MARKI ANDERSON
EXAMINER FOR DEFENDANT GEICO

SUBSCRIBED AND SWORN TO BEFORE ME on this 30th day of January, 2020.

MEGAN EMRICH
Notary Public, State of Texas
Comm Expires 06-05-2021
Notary ID 131157273

(SEAL)

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

<u>CERTIFICATE OF SERVICE</u>

On the _30th_ day of January, 2020, a true and correct copy of this document was served in accordance with Texas Rules of Civil Procedure to Aaron C. Spahr, Frenkel & Frenkel, L.L.P., 12700 Park Central Dr., Ste. 1900, Dallas, TX 75251-1508, Fax: 214-265-9360

Wendy McMillon

Sensitivity: Confidential

# EXHIBIT "L"

FILED
1/30/2020 10:13 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:20-cv-00297-B   Document 1   Filed 02/06/20   Page 110 of 116   PageID 110

## TRINA T. WILSON & ASSOCIATES
*NOT A PARTNERSHIP*

### ATTORNEYS AND SUPPORT STAFF ARE EMPLOYEES OF
### GOVERNMENT EMPLOYEES INSURANCE COMPANY

ZACK A. ALLEN
CALEB BLEWETT
SARA BONAU MEYER
MELANIE M. CLARK
LAUREL ENGELMANN
JON A. GODOY
MELISSA HATCHER
SHARIS HAUDER
JACQUELINE IHEKWABA

2280 N. GREENVILLE AVENUE
RICHARDSON, TEXAS 75082-4412
TELEPHONE: (972) 855-6400
FACSIMILE: (972) 855-6418

MONIKA D. JENKINS
WENDY McMILLON
SHASTA P.C. ORIBHABOR
DAMIAN A. PEREZ
CATHERINE SCHNEIDER
SIGRID STEIL
JANET L. STRONG
JODY WARNER
TRINA T. WILSON

January 30, 2020

Dallas County Clerk
600 Commerce Street
Dallas, TX  75202

Re:   Ramadanovic v. Reyes, et al (GEICO)
      Cause No.   CC-20-00120-D

Dear Clerk:

Enclosed:

1.   Defendant's Original Answer; and
2.   $40.00 jury fee.

Sincerely,

Wendy McMillon
972-855-6400
WM/db

Enclosure(s): as stated

cc:   Fax:  214-265-9360
      Aaron C. Spahr
      Frenkel & Frenkel, L.L.P.
      12700 Park Central Dr., Ste. 1900
      Dallas, TX  75251-1508

Sensitivity: Confidential

# EXHIBIT "M"

FILED
1/31/2020 12:29 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:20-cv-00297-B   Document 1   Filed 02/06/20   Page 112 of 116   PageID 112

## CAUSE NO. CC-20-00120-D

| | | |
|---|---|---|
| **AIDA RAMADANOVIC,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **AT LAW NO. 4** |
| **CONSTANTINO REYES, LIBERTY** | § | |
| **FREIGHT CO., INC. and GOVERNMENT** | § | |
| **EMPLOYEES INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S MOTION TO QUASH ORAL DEPOSITION OF PLAINTIFF AIDA RAMADANOVIC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW AIDA RAMADANOVIC, Plaintiff in the above-styled and numbered cause and, pursuant to Tex. R. Civ. P. 199.4, makes this Motion to Quash the Oral Deposition of Plaintiff Aida Ramadanovic. In support of this motion Plaintiff would respectfully show unto the Court as follows:

## I.

On January 31, 2020, Plaintiff was electronically served with Defendant's Notice of Intent to Take Oral Deposition of Plaintiff Aida Ramadanovic, beginning at 10:00 a.m. on August 28, 2019, at the office Frenkel & Frenkel, L.L.P., 12700 Park Central Drive, Suite 1900, Dallas, Texas 75251. Plaintiff is unavailable on the date and time in question. Additionally, Plaintiff files this Motion to Quash for the reason that this deposition was noticed without agreement regarding the date, time or location of the deposition. A true and correct copy of the Notice is attached as Exhibit "A" and incorporated herein by reference.

## II.

Plaintiff files this Motion within three business days of the date of service and therefore the deposition is quashed automatically. Plaintiff prays for such other and further relief, both at law and in equity, both general and special, to which she may show herself to be justly and equitably entitled.

Respectfully submitted,

**FRENKEL & FRENKEL, L.L.P.**
12700 Park Central Drive, Suite 1900
Dallas, Texas 75251-1508
(214) 333-3333
(214) 265-9360 [telecopier]
aaron@frenkelfirm.com

By: _____/S/ Aaron C. Spahr_____
      Aaron C. Spahr
      State Bar No. 00794674

COUNSEL FOR PLAINTIFF


## CERTIFICATE OF SERVICE

This is to certify, pursuant to Rule 21a of the Texas Rules of Civil Procedure, that a true and correct copy of *Plaintiff's Motion to Quash* has been forwarded to the following counsel of record on this the 31st day of January, 2020 as follows:

*Via E-File*
Wendy McMillon
Trina T. Wilson & Associates
2280 North Greenville Avenue
Richardson, Texas 75082

By: _____/S/ Aaron C. Spahr_____
      Aaron C. Spahr

# EXHIBIT A

CAUSE NO.  CC-20-00120-D

| | | |
|---|---|---|
| AIDA RAMADANOVIC | § | COUNTY COURT AT LAW |
| | § | |
| v. | § | NO. 4 |
| | § | |
| CONSTANTINO REYES, LIBERTY | § | DALLAS COUNTY, TEXAS |
| FREIGHT CO., INC. AND | § | |
| GOVERNMENT EMPLOYEES | | |
| INSURANCE COMPANY | | |

### DEFENDANT'S NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF PLAINTIFF AIDA RAMADANOVIC

TO:   Aida Ramadanovic, Witness, by and through Plaintiff's attorney of record, Aaron C. Spahr, Frenkel & Frenkel, L.L.P., 12700 Park Central Dr., Ste. 1900, Dallas, TX 75251-1508.

The undersigned attorney of record for Defendant in this case, will take the oral deposition testimony of **AIDA RAMADANOVIC**, in the offices of Aaron C. Spahr, Frenkel & Frenkel, L.L.P., 12700 Park Central Dr., Ste. 1900, Dallas, TX 75251-1508 on Thursday, June 18, 2020, at 10:00 AM. The reporter before whom the deposition is to be taken will be a certified court reporter with the firm of Quest Records & Reporting, 10100 N. Central Expressway, Suite 150, Dallas, Texas 75231, (214) 828-2757.

You are invited to attend and participate in the taking of the deposition.

Respectfully Submitted,

_____

WENDY MCMILLON
State Bar #00790100
TRINA T. WILSON & ASSOCIATES
2280 North Greenville Avenue
Richardson, TX 75082-4412
Tel: 972-855-6400
Fax: 972-855-6418
Email: wmcmillon@geico.com
ATTORNEY FOR DEFENDANT

Sensitivity: Confidential

<u>CERTIFICATE OF SERVICE</u>

On the 31st day of January, 2020, a true and correct copy of this document was served in accordance with Texas Rules of Civil Procedure to Aaron C. Spahr, Frenkel & Frenkel, L.L.P., 12700 Park Central Dr., Ste. 1900, Dallas, TX 75251-1508, Fax: 214-265-9360

_____
Wendy McMillon

Sensitivity: Confidential