UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIDA RAMADANOVIC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-0297-B |
| | § | |
| CONSTANTINO REYES, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Zach T. Mayer – 24013118
Jason W. Kerr - 24032619
Kevin J. Keith – 11187700
**MAYER, LLP**
750 N. St. Paul Street
Suite 700
Dallas, Texas  75201
Telephone:  (214) 379-6900
Telecopier:  (214) 379-6939
Email:  zmayer@mayerllp.com
jkerr@mayerllp.com
kkeith@mayerllp.com
*Counsel for Defendants Constantino Reyes
and Liberty Freight Co., Inc.*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................................................. ii

TABLE OF AUTHORITIES ........................................................................................................... iii

INTRODUCTION ............................................................................................................................1

    a.  The Accident ........................................................................................................................1

    b.  The Litigation .......................................................................................................................2

    c.  The Order to Show Cause ....................................................................................................4

ANALYSIS .......................................................................................................................................5

    1.  The Extent to which the Purpose of the Amendment is to Defeat ....................................5
        Federal Jurisdiction

    2.  Whether Plaintiff has been Dilatory in Asking for Amendment .....................................10

    3.  Whether Plaintiff Will Be Significantly Injured if Amendment is not Allowed ............10

    4.  Any Other Facts Bearing on the Equities ........................................................................11

CONCLUSION ..............................................................................................................................13

CERTIFICATE OF SERVICE ......................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**

*Allstate Ins. Co. v. Bonner*,
    51 S.W.3d 289, 291-92 (Tex. 2001) ..................................................................................6

*Andrews Restoration, Inc. v. National Freight, Inc.*,
    No. 3:15-CV-1336-M, 2015 WL 4629681, at *2 (N.D. Tex. Aug. 4, 2015).......................7

*Bienamie v. Kitzman*,
    CIV. A. 00284, 2000 WL 381932, at *5 (E.D. La. Apr. 12, 2000) ......................................7

*Bonham State Bank v. Beadle*,
    907 S.W.2d 465, 467 (Tex. 1995)......................................................................................8

*Brainard v. Trinity Universal Ins. Co.*,
    216 S.W.3d at 809, 818 (Tex, 2006).........................................................................5, 9, 12

*F.F.P. Oper. Partners v. Duenez*,
    237 S.W.3d 680, 693 (Tex. 2007)......................................................................................9

*Hensgens v. Deere & Company*,
    833 F.2d 1179 (5th Cir. 1987) .....................................................................4-5, 7, 10-11, 13

*Henson v. S. Farm Bureau Cas. Ins. Co.*,
    17 S.W.3d 652, 654 (Tex. 2000).......................................................................................5

*In Re Britt*,
    529, S.W.3d 93, 97 (Tex. App. – Texarkana 2016, orig. proceeding).................................6

*In re Liberty Cty. Mut. Ins. Co.*,
    537 S.W.3d 214, 220-21 (Tex. App. – Houston [1st Dist.] 2017, orig. proceeding).......6, 12

*In re Old Am. Cnty. Mut. Ins. Co.*,
    No. 13-11-00412-CV, 2012 WL 506570, at *5 (Tex. App. – Corpus Christi ....................12
    Feb. 16, 2012, orig. proceeding)

*In re Perry*,
    No. 13-18-00676-CV, 2019 WL 1723509, at *4 (Tex. App. – Corpus Christi ....................6
    Apr. 18, 2019, orig. proceeding)

*In re State*,
    355 S.W.3d 611, 613 (Tex. 2011)......................................................................................9

*In re State Farm Mut. Auto. Ins. Co.*,
   553 S.W.3d 557, 564-65 (Tex. App. – San Antonio 2018, orig. proceeding) ...................... 6

*In re United Fire Lloyds*,
   327 S.W.3d 250 (Tex. App. – San Antonio 2010, orig. proceeding) ............................. 6, 12

*Ogunro v. Allstate Vehicle and Prop. Ins. Co.*,
   2019 WL 111213, at *2 (N.D. Tex. Jan. 4, 2019) .................................................. 4-5, 10-11

*Owen v. Employers Mut. Cas. Co.*,
   No. 3:06-CV-1993-K, 2008 WL 833086, at *2 (N.D. Tex. Mar. 28, 2008) ......................... 8

*State v. Morello*,
   547 S.W.3d 881, 889 (Tex, 2018) ........................................................................................ 9

*Thermtron Products, Inc. v. Hermansdorfer*,
   423 U.S. 336, 96 S. Ct. 584, (1976) .................................................................................... 4

*Webster v. Allstate Ins. Co.*,
   833 S.W.2d 747, 750 (Tex. App. – Houston [1st Dist.] 1992, no writ) ............................... 6

*Wellisch v. United Servs. Auto. Ass'n*,
   75 S.W.3d 53, 57 (Tex. App. – San Antonio 2002, pet denied) .......................................... 6

**Statutes, Rules, and Regulations**

28 U.S.C. § 1447(e) ................................................................................................................... 4

Texas Insurance Code art. 5.06-1(5) ......................................................................................... 5

Texas Insurance Code Ann. § 1952.105-.108 ........................................................................... 6

Tex. R. Civ. P. 41 ...................................................................................................................... 9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIDA RAMADANOVIC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-0297-B |
| CONSTANTINO REYES, ET AL., | § § § § | |
| Defendants. | § | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendants, Constantino Reyes and Liberty Freight Co., Inc., file this Memorandum in Opposition to Plaintiff's Motion for Leave to File Amended Complaint (Doc. 9), and in response to the court's Order to Show Cause, would respectfully show the court as follows:

I.

INTRODUCTION

a.  The Accident

On February 11, 2018, a multi-vehicle accident involving nine people occurred in Tarrant County, Texas.  (Doc. 1 at 13 – Officer's Crash Report ("Accident").  According to the investigating officer's narrative, Austin Haveman (Unit 4) ("Haveman") was traveling southbound on SH 287 when he "lost control due to the ice on the roadway and went into a skid." *Id.* at 14. Haveman's vehicle came to a stop on the right shoulder of the highway facing the wrong way. *Id.* Haveman's loss of control of his vehicle and the icy road conditions created a sudden emergency that triggered the multi-vehicle chain-reaction Accident.  Aida Ramadanovic ("Ramadanovic")

1

was also traveling southbound on SH 287, witnessed the Haveman vehicle skid out of control, and she applied her brakes to try to avoid becoming involved in the Accident. *Id.*

However, a Freightliner tractor-trailer (Units 1-2) operated by Constantino Reyes ("Reyes") behind the Ramadanovic vehicle, also attempted to slow down, but "due to the ice on the roadway collided with the back of [the Ramadanovic vehicle] Unit 3." *Id.* In turn, the collision between the Ramadanovic vehicle and Reyes' tractor caused his trailer (Unit 2) to jackknife and collide with the back of an SUV (Unit 5) operated by Juce Mavuninu-Jean ("Mavuninu") and carrying five other passengers. *Id.* at 14, 17-18. The inertia of the trailer (Unit 2) on the icy road kept it moving after making contact with the Mavuninu vehicle (Unit 5) causing it to collide with the right side of the Haveman vehicle (Unit 4) which was still on the shoulder of the highway facing the wrong way. *Id.* at 14. The occupants of the Mavuninu vehicle (Unit 5) were transported by ambulance to the hospital "to check for injuries" while Ramadanovic and Haveman left the accident scene by self-transport. *Id.*

b.  <u>The Litigation</u>

Plaintiff Juce Mavuninu-Jean filed Plaintiffs' Original Complaint individually and as next friend of four minor children in the Northern District of Texas (Dallas Division) on June 28, 2019 pending as Case No. 3:19-CV-01571-B. (Apx. Exhibit "A") (Doc. 1 in Case No. 3:19-CV-01571-B). Perpetue Kapepula, an adult passenger in the Mavuninu vehicle, is also a plaintiff. *Id.* The Mavuninu Original Complaint alleged that acts and omissions by defendant Reyes and his employer, defendant Liberty Freight Co., proximately caused damages to the plaintiffs arising from the Accident. *Id.*

Six months after the Mavuninu lawsuit was filed, plaintiff Aida Ramadanovic filed her Plaintiff's Original Petition in Dallas County Court at Law No. 4 on January 7, 2020, arising out

2

of the same February 11, 2018 multi-vehicle Accident in Tarrant County, Texas. (Doc.1 at 30-41). In addition to asserting a third-party tort lawsuit against defendants Constantino Reyes and his employer, Liberty Freight Co., Ramadanovic also alleged a first-party underinsured motorist contract claim ("UIM") against her alleged insurer, Government Employees Insurance Company ("GEICO") pursuant to her policy No. 4293-31-35-26. *Id.* at 1-2, 8-10. The Ramadanovic Original Petition alleged that defendant GEICO "maintains a principal office in Dallas County" for purposes of jurisdiction and venue. *Id.* at 32. Just like the Mavuninu Plaintiffs' Original Complaint, Ramadanovic alleged that negligent acts and omissions by defendant Reyes and his employer, Liberty Freight Co., proximately caused damages to her arising out of the same multi-vehicle Accident. *Id.* at 30-36.

Defendants timely filed their Notice of Removal pursuant to 28 U.S.C. § 1441 coupled with a Motion to Consolidate the Ramadanovic lawsuit with the earlier filed Mavuninu Civil Action No. 3:19-CV-01571-B because both cases arise from the same multi-vehicle Accident and involve common issues of fact and law. (Doc. 1 at 1-8).[1] Shortly thereafter, Ramadanovic filed a Motion for Leave to File Amended Complaint urging the application of the wrong standard. (Doc. 9).[2] In this regard, the Ramadanovic proposed Amended Complaint seeks to remove GEICO because it is an "incorrect party", and instead join GEICO County Mutual Insurance Company ("GEICO County Mutual") as its insurer/defendant in its first-party declaratory judgment action for UIM benefits. Plaintiff Ramadanovic is a Texas resident, and defendants Reyes and Liberty Freight Co. are citizens of Georgia and California, respectively. (Doc. 1 at 3, 31). The addition of GEICO County Mutual, a domestic casualty insurance corporation with its primary place of

---

[1] Defendant GEICO filed a Written Notice of Consent to the Notice of Removal. *Id.* at 23. The Ramadanovic case was transferred to the Honorable Jane J. Boyle, who is presiding over the Mavuninu case (Doc. 5).
[2] An initial Motion for Leave (Doc. 6) was denied without prejudice for failing to include a Certificate of Conference.

3

business in Richardson, Texas, would destroy this court's diversity jurisdiction over the case. (Doc. 9 at 2; Doc. 10 at 2). Defendants filed Objections to Plaintiff's Motion for Leave to File Amended Complaint (Doc. 8) to which Ramadanovic filed a Reply (Doc. 12).

c.   The Order to Show Cause

Judge Boyle issued an Order to Show Cause which ordered that plaintiff and defendants submit briefing on whether Plaintiff's Motion for Leave to File Amended Complaint should be granted under 28 U.S.C. § 1447(e) and the *Hensgens* factors. (Doc. 13, citing *Hensgens v. Deere & Company*, 833 F.2d 1179 (5th Cir. 1987); *Ogunro v. Allstate Vehicle and Prop. Ins. Co.*, 2019 WL 111213, at *2 (N.D. Tex. Jan. 4, 2019).

The Fifth Circuit has instructed district courts to exercise discretion when considering a proposed amendment which adds a non-diverse defendant and deprives the court of jurisdiction. See *Hensgens*, 833 F.2d at 1182. The court should scrutinize the proposed amendment more closely than it would consider an ordinary amendment under Federal Rule of Civil Procedure 15(a)(2). *Id.* In exercising its discretion, the court should balance the competing interest of the danger of parallel federal/state proceedings yielding inconsistent results and waste of judicial resources, against the diverse defendant's interest in retaining the federal forum which the removal statutes are predicated on providing. *Id.* If the court grants the joinder, it must remand the case to state court. 28 U.S.C. § 1447(e); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S. Ct. 584, (1976). The *Hensgens* factors which are analyzed to determine whether to deny joinder of non-dispensable parties that destroy diversity jurisdiction are: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. If the

4

*Hensgens* factors weigh against allowing the Amended Complaint, joinder of the non-diverse party should be denied and the court maintains subject matter jurisdiction. *Ogunro*, 2019 WL 111213, at *2-*4.

II.

ANALYSIS

1. <u>The Extent to Which the Purpose of the Amendment is to Defeat Federal Jurisdiction.</u>

The first *Hensgens* factor weighs heavily in favor of disallowing the Amended Complaint because of the procedural premature nature of the UIM declaratory judgment claim and the requested unorthodox combination of it with condition precedent third-party tort claims. While in theory, Ramadanovic has a potential first-party claim for UIM benefits under her policy, a court should view with suspicion her premature assertion of it in combination with the tort claims when to do so would destroy this court's diversity jurisdiction.

To explain, in a UIM case, "[t]he UIM insurer is obligated to pay damages which the insured is "legally entitled to recover" from the underinsured motorist. *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (citing Tex. Ins. Code art. 5.06-1(5)). In *Brainard*, the Texas Supreme Court expounded on the uniqueness of a UIM case as follows:

> The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third-party. Unlike many first-party insurance contracts, in which the policy alone dictates coverage, UIM insurance utilizes tort law to determine coverage. Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined. See *Brainard*, 216 S.W.3d at 818 (citing *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 654 (Tex. 2000)).

Therefore, as a matter of law, "the UIM insurer is under no contractual duty to pay benefits until the insured (Ramadanovic) obtains a judgment establishing the liability and underinsured status of the other motorist . . . Neither requesting UIM benefits nor filing suit against the insurer triggers

5

a contractual duty to pay." *Id.* Consequently, in order for Ramadanovic to have a ripe and viable UIM claim, she must first prove not only that the defendants negligently caused the accident that resulted in covered damages which their insurance cannot satisfy, but also that all applicable policy provisions have been met. See *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291-92 (Tex. 2001); *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex. App. – San Antonio 2002, pet denied) (holding that because an insurer is not obligated to pay UIM benefits until the insured becomes legally entitled to those benefits, an insurer has the right to withhold payment of UIM benefits until the insured's legal entitlement is established."). Accordingly, it is premature and inappropriate to combine for simultaneous litigation a contingent UIM contract claim with the underlying third-party tort claim.

Moreover, the insured's recovery, if any, cannot exceed the limits specified in the insurance policy and is reduced by the amount recovered or recoverable from the insurer of the underinsured vehicle. *In re Perry*, No. 13-18-00676-CV, 2019 WL 1723509, at *4 (Tex. App. – Corpus Christi Apr. 18, 2019, orig. proceeding), (Tex. Ins. Code Ann. § 1952.105-.108). Importantly, the UIM claim can be rendered moot if the insured does not obtain a judgment against the underinsured motorist, or the judgment is for less than the third-party's ability to pay. Id. at *4 (discussing UIM extra-contractual claims), citing *In re State Farm Mut. Auto. Ins. Co.*, 553 S.W.3d 557, 564-65 (Tex. App. – San Antonio 2018, orig. proceeding); *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d 214, 220-21 (Tex. App. – Houston [1st Dist.] 2017, orig. proceeding); see *In re United Fire Lloyds*, 327 S.W.3d 250, 254, 257 (Tex. App. – San Antonio 2010, orig, proceeding). For these reasons, the insured's cause of action against the insurer does not accrue until the date the insurer denies the claim. *In re Britt*, 529 S.W.3d 93, 97 (Tex. App. – Texarkana 2016, orig. proceeding); *Webster v. Allstate Ins. Co.*, 833 S.W.2d 747, 750 (Tex. App. – Houston [1st Dist.] 1992, no writ).

Therefore, the parties and the court could waste resources by simultaneously litigating the UIM claim with the third-party tort claim because resolution of the latter may render the UIM claim moot.

At this point, and until all issues of liability and damages, including a proportionate responsibility submission of this sudden emergency multi-vehicle Accident are determined in the third-party tort litigation, it is purely speculative as to whether Ramadanovic will or will not have a viable UIM claim to litigate against her insurer. Even if it may eventually be viable, it is premature to prosecute it now at the cost of destroying diversity jurisdiction. Further, Ramadanovic has neither alleged nor provided evidence of whether she has presented a UIM claim to her insurer, whether she is prosecuting this lawsuit with or without the insurer's consent, whether the insurer has denied her UIM claim, nor has she even identified the amount of her UIM coverage to show that it is a small amount of coverage relative to her alleged $1,000,000.00 in damages.

Furthermore, the first *Hensgens* factor should weigh in favor of denying the amendment when a plaintiff seeks to add a non-diverse defendant under "questionable" claims that require "further discovery" to "define the validity or non-validity of the plaintiff's causes of action". *Andrews Restoration, Inc. v. National Freight, Inc.*, No. 3:15-CV-1336-M, 2015 WL 4629681, at *2 (N.D. Tex. Aug. 4, 2015), citing *Bienamie v. Kitzman*, CIV. A. 00284, 2000 WL 381932, at *5 (E.D. La. Apr. 12, 2000). Here, the viability status of Ramadanovic's UIM claim won't be known until judgment is rendered in the very case she asks to join her UIM claim to, so as to litigate them both "simultaneously for purposes of efficiency and economy." (Doc. 12 at 3). This illogical and pretextual statement alone should raise the red flag that the purpose of the amendment is to destroy federal diversity jurisdiction.

7

While procedurally this is a case where after removal the plaintiff seeks to join an additional defendant whose joinder would destroy subject matter jurisdiction, it appears that Ramadanovic attempted to embed this first-party UIM contract claim at the outset of the state court litigation as a federal jurisdiction "poison pill", but inexplicably sued the wrong GEICO entity. (Doc. 9 at 2). Nevertheless, Ramadanovic has admitted that she is attempting to join her first-party carrier to this third-party tort litigation despite the fact that it is premature to do so, and that she has no authority to support such an unorthodox tactic. (Doc. 12 at 2-3 ¶ 4), citing *Owen v. Employers Mut. Cas. Co.*, No. 3:06-CV-1993-K, 2008 WL 833086, at *2 (N.D. Tex. Mar. 28, 2008) (A UIM "insurer's contractual duty is not triggered until liability and damages are determined" in the third-party lawsuit.)

Similarly, a declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interest and not merely a theoretical dispute. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). Plaintiff's sole argument to add her first-party UIM contract claim and destroy diversity jurisdiction is that by doing so would promote justice and judicial economy. (Doc 9 at 3; Doc. 12 at 3). Ramadanovic's argument is incorrect because joinder of her first-party UIM contract claim to this third-party tort litigation will actually have the opposite result.

First, the Ramadanovic and Mavuninu cases are **both** currently pending before this court as separate cause numbers, but they are two halves of the same third-party litigation arising out of the identical multi-vehicle Accident involving common issues of fact and law. Joinder of GEICO County Mutual will destroy diversity jurisdiction of this Ramadanovic case, require that it be

8

remanded to state court making it impossible for the Ramadanovic and Mavuninu cases to be consolidated. If that occurs, it will create parallel litigation of the third-party tort claims which are ripe to be litigated, cause defendants to be engaged in duplicate discovery of the same Accident in state and federal court, and likely cause inconsistent results.

Second, there is no discovery, either in the form of documents or witness testimony, that any of the parties in the pending third-party tort litigation need to obtain from GEICO County Mutual to prosecute or defend it. Likewise, defendants have no justiciable interest in the discovery that Ramadanovic and GEICO County Mutual would engage in concerning their first-party UIM contract claim which, as discussed above, would be prematurely litigated prior to the conclusion of the third-party tort litigation.

Third, if GEICO County Mutual is joined to this third-party litigation which would then be remanded to state court, either GEICO County Mutual and/or the defendants would move for severance and abatement of the premature UIM contract case from the third-party tort litigation to avoid juror confusion and avoid prejudice from the unnecessary injection of insurance into the tort case. Tex. R. Civ. P. 41; *In re State*, 355 S.W.3d 611, 613 (Tex. 2011). A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. Avoiding prejudice, doing justice and increasing convenience are the controlling reasons to allow a severance. *F.F.P. Oper. Partners v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007); see also *State v. Morello*, 547 S.W.3d 881, 889 (Tex. 2018). Again, as a matter of law, plaintiff's UIM contract claim has not and will not accrue until liability and damages are determined in the third-party litigation. *Brainard*, 216 S.W.3d at 818.

Accordingly, for all of the above reasons, the first *Hensgens* factor weighs in favor of denying the amendment because it appears that its purpose is to defeat federal court jurisdiction, and in doing so, would create more problems of judicial economy, efficiency, and to promote justice and avoid prejudice than it would achieve.

2.     Whether Plaintiff has been Dilatory in Asking for Amendment.

Defendants removed this case to federal court on February 6, 2020, and the parties do not disagree that complete diversity currently exists.  Ramadanovic initially moved for leave to file an Amended Complaint to join GEICO County Mutual and destroy diversity jurisdiction on February 7, 2020.  (Doc. 6). That motion was denied without prejudice and with leave to refile to comply with the Certificate of Conference requirement of Local Rule 7.1(b).  (Doc. 7).  It does not appear that plaintiff has been dilatory in requesting this amendment to destroy diversity jurisdiction since no pretrial dates or significant activity has occurred since plaintiff initially moved for leave.  In addition, it appears that Ramadanovic attempted to embed this first-party UIM contract claim at the outset of the state court litigation as a federal jurisdiction "poison pill," but inexplicably sued the wrong GEICO entity.  Thus, the second factor does not weigh against allowing the amendment, but in this context, it would appear to be the least important of the four *Hensgens* factors because the claim sought to be joined has not yet accrued and may be moot.

3.     Whether Plaintiff Will Be Significantly Injured if Amendment is not Allowed.

The third *Hensgens* factor – whether the plaintiff will be significantly injured if amendment is not allowed – strongly weighs in favor of denying the amendment because plaintiff's first-party UIM contract claim is premature, depending on the outcome of third-party tort litigation it may be rendered moot, and in any event, she can pursue her UIM claim, if necessary, in state court. *Ogunro*, 2019 WL 111213, at *4.  Neither plaintiff's motion for leave nor her reply to defendants'

10

objections provided any evidence or persuasive argument that she will be prejudiced, much less "significantly prejudiced if her requested amendment is denied." *Ogunro*, 2019 WL 111213, at *4. Other than the general and conclusory statement that plaintiff asked to combine her first-party UIM contract claim with this third-party tort litigation in the "interest of justice and judicial economy", her request is devoid of any specifics or legal authorities that would support such an unorthodox combining of parties and causes of action. (Doc. 9 at 3).

Moreover, as discussed under factor No. 1, above, allowing the amendment to defeat diversity jurisdiction would bar the proper consolidation of the Ramadanovic and Mavuninu cases currently pending before this court, result in parallel litigation of the two halves of the third-party tort litigation which are based on common issues of fact and law arising from the same Accident, require the defendants to participate in duplicate discovery in the state and federal cases, and likely result in the premature UIM claim being severed out of this tort case upon remand to the state court. Considering all of these facts, the third-factor weighs against the amendment because plaintiff will not be significantly prejudiced as a result of its denial, and far more prejudice will befall the remaining parties if the amendment is allowed.

4. <u>Any Other Factors Bearing on the Equities.</u>

Under this fourth and last *Hensgens* factor, the defendants' interest in maintaining the federal court forum is considered. *Hensgens*, 833 F.2d at 1182. Defendants Reyes and Liberty Freight Co. are citizens of Georgia and California, respectively, and there is no dispute that complete diversity currently exists. (Doc. 1 at 3). The federal removal statutes are predicated on giving the diverse defendant a choice of a state or federal forum. *Hensgens*, 833 F.2d at 1182. In this litigation, defendants timely removed the Ramadanovic case to federal court and filed their motion to consolidate with the Mavuninu case (Doc. 1 at 6-7) and promptly objected to Plaintiff's

11

Motion for Leave to File Amended Complaint. (Doc. 8). In addition, defendants' interest in maintaining the federal forum in this instance is enhanced because six months before Ramadanovic filed her Original Petition, the Mavuninu plaintiffs filed their Plaintiffs' Original Complaint in this court against these defendants. (Apx. Exhibit "A", Doc. 1 in Case No. 3:19-CV-01571-B.). Defendants have and will continue to move for a consolidation of the Ramadanovic and Mavuninu cases to facilitate efficient discovery and an adjudication of these claims which involve common questions of fact and law arising from the same Accident to achieve consistent results and justice in this multi-vehicle Accident. (Doc. 1 at 6-7).

In addition, one other factor bearing on the overall equities would be the impact on GEICO County Mutual by being joined to this third-party tort litigation. "Insurers have a substantial right not to undergo the expense of conducting discovery on issues that ultimately may be unnecessary because of the result in the underlying tort case." *In re Liberty Cty. Mut. Ins. Co.*, 537 S.W.3d at 223, citing see *In re Old Am. Cnty. Mut. Ins. Co.*, No. 13-11-00412-CV, 2012 WL 506570, at *5 (Tex. App. – Corpus Christi Feb. 16, 2012, orig. proceeding); *In re United Fire Lloyds*, 327 S.W.3d at 257. Ramadanovic's UIM claim is completely contingent upon and may be rendered moot by the outcome of her third-party claim against these defendants.

Moreover, Ramadanovic's UIM claim against GEICO County Mutual has not yet accrued because the insurer has no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and the amount of damages, as well as the underinsured status of the defendants. See *Brainard*, 216 S.W.3d at 815, 818. Therefore, allowing the amendment to join the first-party UIM contract claim with the existing third-party tort litigation would not only subject GEICO County Mutual to the unnecessary expense of both tort and contract case discovery, it would surely cause confusion for a jury if asked to find both tort and contingent contract fact

issues in the same charge which are additional reasons why this requested combination of causes of action are rarely, if ever, attempted. In this regard, plaintiff has acknowledged that she is aware of "no common law rule or statute" that allows her to adjudicate her premature UIM contract claim simultaneously with the underlying third-party tort causes of action. (Doc. 12 at 3).

For these reasons, the fourth factor weighs in favor of denying Ramadanovic's amendment to combine her premature first-party UIM contract claim with her third-party tort claim and litigate them simultaneously, especially at the cost of destroying diversity jurisdiction and the defendants' interest in maintaining the federal forum.

### III.

### CONCLUSION

Based on the foregoing, three of the four *Hensgens* factors favor denial of Plaintiff's Motion for Leave to File Amended Complaint to destroy diversity jurisdiction. The only factor that does not weigh against granting the amendment is that plaintiff has not been dilatory in pursuing this unorthodox and prejudicial procedural tactic to manipulate jurisdiction. Defendants Constantino Reyes and Liberty Freight Co., Inc. request that the court deny Plaintiff's Motion for Leave to File Amended Complaint, together with such other and further relief, both at law and in equity, including the eventual consolidation of the Ramadanovic and Mavuninu cases, to which defendants may be entitled to receive.

Respectfully submitted,

**MAYER LLP**

750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
T: 214.379.6900  /  F: 214.379.6939


By:  */s/ Zach T. Mayer*
      Zach T. Mayer
      Attorney In Charge
      State Bar No. 24013118
      zmayer@mayerllp.com
      Jason W. Kerr
      State Bar No. 24032619
      jkerr@mayerllp.com
      Kevin J. Keith
      State Bar No. 11187700
      kkeith@mayerllp.com

**ATTORNEYS FOR DEFENDANTS
CONSTANTINO REYES AND
LIBERTY FREIGHT CO., INC.**

## CERTIFICATE OF SERVICE

     This is to certify that on the 18th day of March 2020, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Aaron C. Spahr
aaron@frenkelfirm.com
FRENKEL & FRENKEL, L.L.P.
1200 Park Central Dr., Suite 1900
Dallas, TX 75251
ATTORNEY FOR PLAINTIFF

Meloney Perry
mperry@mperrylaw.com
Stacy Thompson
sthompson@mperrylaw.com
PERRY LAW P.C.
10440 North Central Expressway, Suite 600
Dallas, TX 75231
ATTORNEYS FOR DEFENDANT
GOVERNMENT EMPLOYEES
INSURANCE COMPANY

☐ E-Mail
☐ Hand Delivery
☐ Facsimile
☐ Overnight Mail
☐ Regular, First Class Mail
☐ E-Serve (E-Service Only)
☒ E-File (E-file and Service)
☐ Certified Mail/Return Receipt
   Requested

Danah L. Woods
dawoods@geico.com
Wendy McMillon
wmcmillon@geico.com
TRINA T. WILSON & ASSOCIATES
2280 North Greenville Avenue
Richardson, TX 75082
ATTORNEYS FOR DEFENDANT
GOVERNMENT EMPLOYEES
INSURANCE COMPANY

                                                */s/ Zach T. Mayer*
                                                Zach T. Mayer