UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIDA RAMADANOVIC, | § § § § § | |
| Plaintiff, | | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-0297-B |
| CONSTANTINO REYES, ET AL., | § § § § | |
| Defendants. | § | |

**APPENDIX TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to Local Rule 7.1(i), Defendants Constantino Reyes and Liberty Freight Co., Inc. submit this Appendix to Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File Amended Complaint.

    Exhibit "A":  Plaintiffs' Original Complaint
                      (Mavuninu – Case No. 3:19-CV-01571-B)

Respectfully submitted,

**MAYER LLP**

750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
T: 214.379.6900  /  F: 214.379.6939


By:   */s/ Zach T. Mayer*
       Zach T. Mayer
       Attorney In Charge
       State Bar No. 24013118
       zmayer@mayerllp.com

                                      Jason W. Kerr
                                      State Bar No. 24032619
                                      jkerr@mayerllp.com
                                      Kevin J. Keith
                                      State Bar No. 11187700
                                      kkeith@mayerllp.com

**ATTORNEYS FOR DEFENDANTS**
**CONSTANTINO REYES AND**
**LIBERTY FREIGHT CO., INC.**

### CERTIFICATE OF SERVICE

      This is to certify that on the 18th day of March 2020, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

Aaron C. Spahr
aaron@frenkelfirm.com
FRENKEL & FRENKEL, L.L.P.
1200 Park Central Dr., Suite 1900
Dallas, TX 75251
ATTORNEY FOR PLAINTIFF

Meloney Perry
mperry@mperrylaw.com
Stacy Thompson
sthompson@mperrylaw.com
PERRY LAW P.C.
10440 North Central Expressway, Suite 600
Dallas, TX 75231
ATTORNEYS FOR DEFENDANT
GOVERNMENT EMPLOYEES
INSURANCE COMPANY

Danah L. Woods
dawoods@geico.com
Wendy McMillon
wmcmillon@geico.com
TRINA T. WILSON & ASSOCIATES
2280 North Greenville Avenue
Richardson, TX 75082
ATTORNEYS FOR DEFENDANT
GOVERNMENT EMPLOYEES
INSURANCE COMPANY

- ☐ E-Mail
- ☐ Hand Delivery
- ☐ Facsimile
- ☐ Overnight Mail
- ☐ Regular, First Class Mail
- ☐ E-Serve (E-Service Only)
- ☒ E-File (E-file and Service)
- ☐ Certified Mail/Return Receipt Requested

                                      */s/ Zach T. Mayer*
                                      Zach T. Mayer

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUCE MAVUNINU-JEAN, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILDREN G.M., F.M., B.M., and J.M., & PERPETUE KAPEPULA, <br><br> Plaintiffs, <br><br> v. <br><br> CONSTANTINO REYES & LIBERTY FREIGHT CO., INC. <br><br> Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:19-CV-01571 <br> JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

JUCE MAVUNINU-JEAN, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILDREN G.M., F.M., B.M., AND J.M., & PERPETUE KAPEPULA (hereinafter "Plaintiffs"), hereby complain of and about CONSTANTINO REYES & LIBERTY FREIGHT CO., INC. (hereinafter "Defendants") and for cause of action respectfully show this Honorable Court the following:

### I. PARTIES

1.1. Plaintiffs are individuals who reside in Fort Worth, Texas.

1.2. Defendant Constantino Reyes is an individual who may be served as his place of residence, 1064 Sandune Drive, Norcross, GA 30093. **Service is hereby requested.**

1.3. Defendant LIBERTY FREIGHT CO., INC. is a corporation that conducts business in Texas. Said Defendant may be served with process via its registered agent, Tamela R Costoulas located at 13427 1/2 Pumice St, Norwalk CA 90650. **Service is hereby requested.**

## II.   JURISDICTION AND VENUE

2.1. Plaintiffs are citizens of the state of Texas for purposes of diversity jurisdiction under 28 U.S.C. §1332.

2.2. The Court has jurisdiction over Defendants because Defendant Constantino Reyes was a non-resident motorist who caused an injury in the state of Texas while in the employ of Defendant LIBERTY FREIGHT CO., INC. The Court has jurisdiction over the subject matter because the damages are within the statutory jurisdictional limits of this Court.

2.3. Venue is proper in the Northern District of Texas because the events that give rise to this cause of action occurred in this district.

## III.   FACTUAL BACKGROUND

3.1. This case arises out of a trucking collision that took place on February 11, 2018 on U.S. Highway 287 in Fort Worth, Tarrant County, Texas. On that date, a 2008 Mercury Mariner driven by Austin Haveman was traveling south on the 7900 block of State Highway 287. Due to ice on the roadway, this vehicle lost control and began to skid. Mr. Haveman's vehicle eventually came to a stop on the right shoulder of the highway, facing the wrong way.

3.2. Aida Ramadanovic, who was driving her 2013 Ford Explorer in the left lane on State Highway 287, witnessed Mr. Haveman's vehicle skid off the roadway. This caused Mr. Ramadanovic to slow her vehicle by pressing the brakes.

3.3. Defendant Constantino Reyes, operating a 2007 Freightliner tractor-trailer owned by Defendant LIBERTY FREIGHT CO., INC., was directly behind Ms. Ramadanovic when she

slowed her vehicle. Defendant Reyes attempted to slow down, but was unable to due to the ice on the roadway and the fact that he was following too closely to Ms. Ramadanovic's vehicle. As a result, Defendant Reyes's tractor-trailer violently collided with Ms. Ramadanovic's vehicle. This collision caused Defendant Reyes's trailer to jackknife and violently collide with the rear of Plaintiffs' vehicle, which was traveling in the right lane. The collision was so strong, the trailer kept moving after crashing into Plaintiffs' vehicle and also hit the right side of Mr. Haveman's vehicle, which was still on the shoulder of the roadway.

3.4. Defendant LIBERTY FREIGHT CO., INC. failed to properly hire, train, and supervise its employee Constantino Reyes, and Defendant Reyes caused this collision by failing to keep a proper look out, failing to timely apply his brakes, failing to maintain a safe following distance, and failing to control the speed of his vehicle. Because of this collision, Plaintiffs sustained severe injuries and damages.

### IV. RESPONDEAT SUPERIOR

4.1. At all times material hereto, Defendant Reyes acted not only in his individual capacity, but also as agent, representative, and/or employee of Defendant LIBERTY FREIGHT CO., INC..

4.2. Under the doctrines of agency and *respondeat superior*, Defendant LIBERTY FREIGHT CO., INC. is jointly and severally liable for the acts and omissions of Defendant Reyes.

### V. NEGLIGENCE OF CONSTANTINO REYES

5.1. Plaintiffs incorporate herein by reference the factual allegations described more fully above.

5.2.  Defendant Reyes had a duty to Plaintiffs to operate his vehicle in a reasonable and prudent manner under the same or similar circumstances. This duty was breached and Defendant was negligent, without limitation, in the following particulars:

a.  Failure to operate his vehicle in a reasonable and safe manner so as not to endanger other persons by colliding with their vehicles;

b.  Failure to keep a proper lookout;

c.  Negligently positioning his vehicle in such a manner as to endanger the occupants of other vehicles in adjoining lanes of traffic;

d.  Failure to adhere to and follow the Texas safety rules, regulations, and the Texas Commercial Motor Vehicle Driver's Handbook;

e.  Failure to have the necessary knowledge, training, and experience to safely operate and/or maintain his vehicle;

f.  Failure to provide full and accurate information to his employer through the interview process;

g.  Failure to read and follow the company policy and procedure documents that were given to him, if any;

h.  Failure to attend safety meetings and training;

i.  Failure to obtain the necessary training, education, and knowledge to safely operate the vehicle in question; and/or

j.  Such other and further acts of negligence as may be shown in the trial of this case as discovery progresses.

5.3.  Each of such acts and omissions, singularly or in combination with others, were a proximate cause of Plaintiffs' injuries.

### VI.  NEGLIGENCE OF LIBERTY FREIGHT CO., INC.

6.1.  Plaintiffs incorporate herein by reference the factual allegations described more fully above.

6.2. On the occasion in question, Defendant Reyes was an employee of Defendant LIBERTY FREIGHT CO., INC. and acting within the course and scope of his employment. As such, Defendant LIBERTY FREIGHT CO., INC. is vicariously liable for the negligence of Defendant Reyes.

6.3. Further, Defendant LIBERTY FREIGHT CO., INC. is directly liable to Plaintiffs for its negligent hiring, supervision, training, and retention of Defendant Reyes including, but not limited to, the following:

**Negligent Hiring:**

a. Failure to conduct a reasonable and adequate interview of CONSTANTINO REYES as a potential employee;

b. Failure to properly follow up on information not provided by CONSTANTINO REYES in the interview process;

c. Failure to conduct a proper employment and background check;

d. Failure to sufficiently investigate CONSTANTINO REYES's training, prior employment, criminal record, and past;

e. Failure to perform the required screening, testing, and physical of CONSTANTINO REYES;

f. Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving heavy equipment on the roadways of the State of Texas.

g. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**Negligent Training:**

a. Failure to explain and demonstrate its safety policies and procedures to CONSTANTINO REYES;

b. Failure to conduct safety meetings and/or safety instruction of its employees including CONSTANTINO REYES;

c. Failure to require attendance at any safety meetings and/or training.

    d. Failure to provide the necessary training to CONSTANTINO REYES regarding truck driving, truck safety, safety classes, how to properly and safely drive a truck, how to perform a proper pre-trip and post-trip inspection, the proper method to maintain a vehicle, safe following distances, and accident avoidance techniques;

    e. Failure to properly train its drivers regarding all aspects of driver safety;

    f. Failure to train its employees, including CONSTANTINO REYES, regarding safe and proper operation of a truck such as a person and/or company of ordinary care would have done in the same or similar circumstances;

    g. Failure to provide and/or require regular follow-up driver education and training;

    h. Failure to train its employees and CONSTANTINO REYES in the proper policies and procedures for documenting pre- and post-trip inspections and maintaining documentation required by the company; and/or

    i. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**Negligent Supervision, Retention, and Monitoring**:

    a. Failure to monitor CONSTANTINO REYES to make sure that he was complying with policies and procedures, as well as all applicable State and Federal regulations;

    b. Failure to interview and test CONSTANTINO REYES to make sure he had read, and was familiar with, understood, and followed the company policies and procedures, as well as all applicable State and Federal regulations;

    c. Failure to implement proper policies and procedures for its employees, including CONSTANTINO REYES, regarding driver safety and vehicle safety;

    d. Failure to document attendance and topics discussed at any safety meetings and/or courses or instruction;

    e. Failure to require attendance at any safety meetings or instruction;

    f. Failure to discipline, supervise, remedy, and train CONSTANTINO REYES;

    g. Failure to train, reprimand, supervise, and remedy any deficiencies in CONSTANTINO REYES as a driver;

    h. Failure to monitor and document the number of accidents, moving violations, and fault of a violation and/or accident involving CONSTANTINO REYES;

    i. Failure to document and make a determination regarding fault in the accident made the basis of this suit, which is a violation of their own policy;

    j. Failure to supervise, train, correct, and reprimand CONSTANTINO REYES for the regular failure to document pre- and post-trip inspections;

    k. Failure to properly document citations, moving violations, accidents, and violations of policy by CONSTANTINO REYES and/or other employees;

    l. Failure to conduct regular and required reviews of CONSTANTINO REYES's performance;

    m. Failure to require and maintain records of violations by CONSTANTINO REYES;

    n. Failures to create and maintain a driver qualification file on CONSTANTINO REYES;

    o. Failure to require CONSTANTINO REYES to comply with the Texas Transportation Code.

    p. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**Negligent Entrustment:**

    a. Providing a vehicle to CONSTANTINO REYES who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver who repeatedly failed to comply with Texas and federal regulations and guidelines.

**General Negligence:**

    a. Failure to comply with its own policies, procedures and standards;

    b. Failure to ensure that CONSTANTINO REYES complied with Defendant's own policies, procedures, and standards;

    c. Failure to maintain documentation regarding CONSTANTINO REYES and the vehicle made the basis of this suit;

    d. Failure to maintain documentation including sign-in sheets, records of training given to CONSTANTINO REYES and records of inspections, contents, and trips for the vehicle involved in the accident made the basis of this suit;

    e. Failure to create and maintain daily trip sheets and reports;

    f. Failure to hire and maintain and monitor a qualified and effective safety director;

g. Failure to implement and adopt proper policies and procedures;

h. Failure to institute proper procedures to inspect the vehicles prior to their use on the highways of Texas to insure that they are clean, and that they are working properly;

i. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

6.4. Each and every one of the foregoing acts and omissions, as well as others which are not specifically mentioned herein, constitute negligence, and each and every such act and/or omission was the proximate cause of the collision and of Plaintiffs' damages, for which Plaintiffs pray for judgment in an amount in excess of the minimum jurisdictional limits of the Court.

## VII.     DAMAGES

7.1. Because of the incident described above, Plaintiffs sustained damages, including, but not limited to:

a. Mental anguish in the past and mental anguish that, in reasonable probability, will be sustained in the future;

b. Physical pain sustained in the past and physical pain that, in reasonable probability, will be sustained in the future;

c. Disfigurement and scarring in the past and disfigurement and scarring that, in reasonable probability, will be sustained in the future;

d. Physical impairment in the past and physical impairment that, in reasonable probability, will be sustained in the future;

e. Medical care in the past and medical care that, in reasonable probability, will be sustained in the future;

f. Loss of services;

g. Loss of earning capacity and/or wages in the past and loss of earning capacity and/or wages that, in reasonable probability, will be sustained in the future.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered

for Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of this Court; exemplary damages, including interest; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE DASHNER LAW FIRM, P.L.L.C.**

*/s/ Eugene L. Tagle*
_____
Geoffrey B. Dashner, SBN: 00795313
geoffrey@dashnerlaw.com
**Eugene L. Tagle, SBN: 24067894**
etagle@dashnerlaw.com
4500 Fuller Drive, Suite 209
Irving, Texas 75038
Telephone: (972) 793-8989
Facsimile: (972) 259-2600

**ATTORNEYS FOR PLAINTIFFS**