UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIDA RAMADANOVIC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-0297-B |
| | § | |
| CONSTANTINO REYES, LIBERTY | § | |
| FREIGHT CO., INC., and | § | |
| GOVERNMENT EMPLOYEES | § | |
| INSURANCE CO., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

In her Motion for Leave to File Amended Complaint (Doc. 9), Plaintiff Aida Ramadanovic seeks to substitute Government Employees Insurance Company (GEICO) with GEICO County Mutual Insurance Company (GEICO County). Because GEICO County would be a nondiverse party, granting the motion would destroy this Court's subject-matter jurisdiction. For the reasons that follow, the Court **DENIES** the motion (Doc. 9).

### I.

### BACKGROUND

Plaintiff originally filed this car-wreck case in state court on January 7, 2020. Doc. 1, Notice of Removal, 2. Plaintiff brought various negligence actions against Defendants Constantino Reyes and Liberty Freight Co., Inc. *Id.*, Ex. D, Original Pet., 4–7. Plaintiff also seeks declaratory relief against GEICO "to have her rights, status, and other legal relationships under the Insurance Policy she purchased from GEICO established . . . ." *Id.* ¶ 31. Specifically, Plaintiff seeks a declaratory judgment as to the amount Defendant GEICO owes for underinsured motorist (UIM) benefits under

- 1 -

an insurance policy Plaintiff took out with GEICO. *Id.*

Defendants Reyes and Liberty Freight (Defendants) removed the case on February 6, 2020. *See* Doc. 1, Notice of Removal. The next day, Plaintiff filed a Motion for Leave to File Amended Complaint (Doc. 6). The Court denied the motion without prejudice based on Plaintiff's failure to comply with the Local Rules. Doc. 7, Electronic Order. On February 17, 2020, Plaintiff refiled the motion in accordance with the Local Rules. *See* Doc. 9, Mot. for Leave to File Am. Compl.

The proposed amended complaint seeks to replace GEICO, a citizen of Maryland, see Doc. 1, Notice of Removal, 4, with GEICO County, a citizen of Texas. *Id.* at 2. Because Plaintiff is also a citizen of Texas, the replacement of GEICO with GEICO County would destroy diversity of citizenship and therefore divest this Court of subject-matter jurisdiction. Therefore, the Court issued a Show Cause Order on March 4, 2020, ordering the parties to brief whether the motion should be granted under 28 U.S.C. § 1447(e) and *Hensgens v. Deere & Company*, 833 F.2d 1179 (5th Cir. 1987). Doc. 13, Order to Show Cause.

All briefing has been filed and the motion is now ripe for review.

## II.

## LEGAL STANDARD

Subject-matter jurisdiction is not something that can be waived. *Hensgens*, 833 F.2d at 1180. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citation omitted). And "for a federal court to assert diversity jurisdiction, diversity of citizenship must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants." *S. Farm Bureau Life Ins. Co. v. Universal Marine & Fabrication, Inc.*, 2003 WL 22174223, at *2 (E.D.

La. Sept. 9, 2003) (citing *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Here, Defendants originally opposed Plaintiff's motion on the basis that GEICO County was a fraudulently joined party. *See* Doc. 8, Defs.' Resp., 3.

However, "[t]he fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (emphasis in original). Thus, "[t]he 'fraudulent joinder' doctrine is inapplicable here." *Id.*

Instead, the proper analysis is governed by 28 U.S.C. § 1447(e) and the factors developed in *Hensgens*, 833 F.2d at 1182 (listing four factors to weigh when a plaintiff seeks to add a claim against a new nondiverse defendant post-removal). The statute provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). Courts apply the factors in *Hensgens* to decide whether, pursuant to the statute, to deny joinder of nonindispensable parties, or to permit it and remand the action. *See, e.g.*, *O'Connor v. Auto. Ins. Co. of Hartford Conn.*, 846 F. Supp. 39, 40–41 (E.D. Tex. 1994) (applying *Hensgens* to the requested joinder of an insurance agent in a dispute between an insured and his insurance company). The factors are: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182.

## III.

## ANALYSIS

The Court concludes that the *Hensgens* factors favor denying Plaintiff's motion to amend.

Accordingly, the Court **DENIES** Plaintiff's motion.

*A.	The* Hensgens *Factors*

 1. <u>The extent to which the purpose of the amendment is to defeat federal jurisdiction</u>

The first factor weighs against granting the motion to amend. Generally, "where a plaintiff has a cognizable cause of action against the nondiverse defendant, and there is no other indication that a plaintiff is attempting to defeat federal jurisdiction . . . the primary purpose of amendment [is] not to defeat federal jurisdiction." *Ogunro v. Allstate Vehicle & Prop. Ins. Co.*, 2019 WL 111213, at *2 (N.D. Tex. Jan. 4, 2019) (quoting *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010)).

Plaintiff seeks to substitute GEICO with GEICO County and assert the same declaratory relief against GEICO County. *See* Doc. 9-1, Proposed Am. Compl., ¶¶ 30–31.

In arguing that the first *Hensgens* factor favors granting the motion, Plaintiff explains that she "sued the incorrect GEICO entity," and that the amendment seeks to "add[] the correct insurer" and "eliminate[] the non-insurer GEICO." Doc. 16, Pl.'s Resp. to Show Cause Order, 2. To Plaintiff, "[t]he fact GEICO was named as a defendant per-removal [sic], and that no allegations changed post-removal, strongly indicates the purpose of the amendment is not to defeat jurisdiction." *Id.*

Under the Texas Insurance Code,

> Underinsured motorist coverage must provide for payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage, not to exceed the limit specified in the insurance policy, and reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle.

TEX. INS. CODE § 1952.106. To recover UIM benefits, "a plaintiff must first establish (1) that she is legally entitled to recover from an underinsured motorist and (2) that her damages exceed the policy

limits of the underinsured motorist's policy." *Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 453 (Tex. Ct. App.—Texarkana 2016, no pet.). Additionally, "a plaintiff seeking to obtain UIM benefits must demonstrate the existence of a duty or obligation that the opposing party has failed to meet . . . ." *Id.* at 456 (citing *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 815 (Tex. 2006)).

Courts have found that plaintiffs can bring declaratory judgments to enforce their rights to UIM benefits. In *Allstate*, the court concluded "that nothing in *Brainard* precludes the use of a declaratory judgment when establishing prerequisites to recovery in a UIM benefits case." 503 S.W.3d at 456. And in *Owen v. Employers Mutual Casualty Company*, the district court allowed the plaintiffs to amend their complaint to include a declaratory judgment action "related to their rights under their insurance policy." 2008 WL 833086, at *4–5 (N.D. Tex. March 28, 2008).

*Owen* involved a third-party insurer who had not paid alleged UIM claims, see *id.* at *1, and *Allstate* involved establishing rights to UIM benefits after another party's liability for negligence had already been established. *See* 503 S.W.3d at 452, 454. Here, on the other hand, neither has liability been established nor have UIM claims been denied.

Despite the differences in these cases, the Court concludes that Plaintiff has a "cognizable cause of action against [GEICO County.]" *Ogunro*, 2019 WL 111213, at *2 (citation omitted). It is possible that Defendants Reyes and Liberty Mutual are liable in negligence, and therefore that Plaintiff would be entitled to UIM benefits at some point. Also weighing in Plaintiff's favor is the fact that the proposed claims against GEICO County are the same as those against the original defendant GEICO—Plaintiff did not wait until the case was removed to add the declaratory judgment claim.

However, that there is a cognizable cause of action "is not dispositive." *Id.* at *3. As this Court explained in *Ogunro*, "[s]everal courts have found 'that a plaintiff attempted to add a non-

diverse defendant primarily to defeat diversity jurisdiction, despite having asserted a valid claim.'" *Id.* (quoting *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 564 (W.D. Tex. 2012)).

Here, the timing of Plaintiff's motion to amend suggests that the purpose of the proposed amendment was to defeat this Court's subject-matter jurisdiction. Plaintiff filed the action in state court on January 7, 2020. Doc. 1, Notice of Removal, 2. For about a month, Plaintiff did not seek to amend. If Plaintiff is to be believed, it was only immediately after the case was removed that Plaintiff realized that she sued the wrong GEICO entity. *See* Doc. 16, Pl.'s Resp. to Show Cause Order, 2. This demonstrates that, perhaps, Plaintiff is now using the UIM claim to defeat diversity. *See* Doc. 17, Defs.' Resp. to Order to Show Cause, 8 ("[I]t appears that [Plaintiff] attempted to embed this first-party UIM contract claim at the outset of the state court litigation as a federal jurisdiction 'poison pill,' but inexplicably sued the wrong GEICO entity."). Though the Court cannot definitively discern Plaintiff's intention behind the amendment, the Court finds the timing of Plaintiff's sudden realization to be suspicious, at the least. *See Precht v. Columbia Gulf Transmission, LLC*, 2018 WL 10509389, at *2 (W.D. La. Dec. 11, 2018) ("[E]ven though there was no indication of bad faith or a dilatory motive, the timing of the motion suggests that the proposed amendment was a reaction to and designed to defeat this Court's denial of Plaintiffs' motion to remand.").

Additionally, that Plaintiff must wait until after negligence is established to file a UIM claim—or until after GEICO County or GEICO hypothetically denies coverage to bring a breach-of-contract claim—also cuts against Plaintiff here. *See Bienaime v. Kitzman*, 2000 WL 381932, at *5 (E.D. La. Apr. 12, 2000) (finding that the first *Hensgens* factor favored denial of motion to amend after finding that the claim was "questionable" and required "[f]urther discovery by the parties . . . to further define the validity or non-validity of plaintiff's causes of action"); *Allstate*, 503 S.W.3d at

455 ("[A] plaintiff seeking to obtain UIM benefits must demonstrate the existence of a duty or obligation that the opposing party has failed to meet . . . ."). Although this case's differences with *Allstate* and *Owen*, discussed above, do not invalidate the claim, those differences do demonstrate how the claim is premature.

The timing and procedural posture of Plaintiff's proposed amendment leaves the Court to conclude that this factor weighs in favor of denying the motion.

### 2. Whether plaintiff was dilatory

Although Plaintiff seeking to amend one day after removal cuts against her as to the first *Hensgens* factor, this same fact demonstrates that she was not dilatory in seeking amendment. Defendants concede that Plaintiff was not dilatory. *See* Doc. 17, Defs.' Resp. to Order to Show Cause, 10. Thus, this factor favors granting the motion.

### 3. Whether plaintiff will be significantly injured if amendment is not allowed

This factor weighs against granting the motion. This Court has previously explained that some courts "find that when a plaintiff has alternate routes to pursue her claims, she will not be significantly prejudiced if her requested amendment is denied." *Ogunro*, 2019 WL 111213, at *4 (citation omitted). Other courts have found the opposite, but have "cit[ed] the specter of possible inconsistent results from parallel proceedings in state and federal court" as the basis for their decisions. *Id.* (citing *Mia Reed & Co., Ltd. v. United Fire & Cas. Co.*, 2012 WL 2499932, at *9 (S.D. Tex. June 27, 2012)). Thus, "this is a very fact-specific determination." *Id.*

Here, Plaintiff will not be significantly injured if the Court denies her request for an amendment. Plaintiff argues that "[l]itigating the liability and damage concerns in one case provides cost efficiency for the Plaintiff and judicial economy." Doc. 16, Pl.'s Resp. to Order to Show Cause,

4.

However, this injury—even if it can be considered such—is hardly "significant." *Ogunro*, 2019 WL 111213, at *4. "Here, if Plaintiff truly wishes to pursue her claims against [GEICO County], she may do so in state court . . . ." *Id.* In fact, doing so might be the most efficient use of judicial resources, given that if Defendants Liberty Freight and Reyes are found not to be negligent, there would be no need for a UIM-benefits suit against GEICO County. *See In re Allstate Cty. Mut. Ins. Co.*, 447 S.W.3d 497, 501 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

### 4. Any other factors bearing on the equities

Plaintiff does not believe that there are any other equitable considerations. Doc. 16, Pl.'s Resp. to Order to Show Cause, 5.

However, "[a defendant's] interest in the forum is [typically] considered. *Ogunro*, 2019 WL 111213, at *4 (citing *Hensgens*, 833 F.2d at 1182). That Defendants timely removed, and were opposed to the motion since it was filed on the grounds that the amendment would destroy diversity, see Doc. 8, Defs.' Obj., 2–3, demonstrates that they have a continued interest in the federal forum. *See Ogunro*, 2019 WL 111213, at *4. Moreover, this interest in the federal forum "is enhanced," as Defendants are seeking consolidation of this case with another case before this Court, *Mavuninu-Jean, et al. v. Reyes*, No. 3:19-cv-1571-B (N.D. Tex. June 28, 2019), which involves the same car accident and the main Defendants, Reyes and Liberty Freight—but not a declaratory judgment against an insurer for UIM benefits. *See* Doc. 17, Defs.' Resp. to Order to Show Cause, 12.

Additionally, GEICO—whether it be GEICO or GEICO County—has an interest in not having to pay unnecessary discovery expenses related to the neglience-based litigation. The Houston Court of Appeals, in a different context, explained that "[i]nsurers have a substantial right not to

undergo the expense of conducting discovery on issues that ultimately may be unnecessary because of the result in the underlying tort case." *In re Liberty Cty. Mutual Ins. Co.*, 537 S.W.3d 214, 223 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citations omitted). As explained above, if Defendants Reyes and Liberty Freight are found to not be negligent, then Plaintiff cannot recover UIM benefits from GEICO County.

Therefore, this factor also weighs in favor of denying the motion.

B.   *Weighing the Factors*

Plaintiff very well might have made a mistake in suing GEICO, and not GEICO County, when she first filed her case. However, the timing of Plaintiff's motion to amend is suspicious, and the only factor that weighs in favor of granting the motion is that Plaintiff was not dilatory. "The main concern expressed in *Hensgens* was the possibility of parallel federal and state proceedings," specifically those that could "spawn inconsistent results and inefficient use of judicial resources." *Holcomb v. Brience, Inc.*, 2001 WL 1480756, at *3 (N.D. Tex. Nov. 20, 2001) (citing *Hensgens*, 833 F.2d at 1182; *Heninger v. Wecare Distribs, Inc.*, 706 F. Supp. 860, 862 (S.D. Fla. 1989)).

Here, the only way in which there are parallel federal and state proceedings that might "spawn inconsistent results," *id.*, is if this case is remanded back to state court, and the *Mavuninu-Jean* case stays in federal district court. However, if Plaintiff's motion is denied, this case remains in federal court, with the possibility of consolidation. Then, if necessary, Plaintiff can bring litigation for UIM benefits against the appropriate GEICO entity. Balancing the *Hensgens* factors, then, the Court concludes that Plaintiff's Motion for Leave to Amend (Doc. 9) should be and hereby is **DENIED**.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend (Doc. 9) is **DENIED**.

**SO ORDERED.**

**SIGNED: March 31, 2020.**

                                        **JANE J. BOYLE**
                                        **UNITED STATES DISTRICT JUDGE**